## PARSONS *et al* v. CHILDS, treasurer, *et al*.

1. **Taxation:** IN AID OF RAILROADS. In a proceeding respecting the validity of a tax voted to aid in the construction of a railroad, it appeared that the election was held on the 30th of March, 1869; that on the next day the trustees made an order levying a tax upon the taxable property of the township and ordered the clerk of the township to certify to the board of supervisors a tax list of said tax according to the valuation of the property for that year; that the township assessor returned the assessment book to the township clerk on the 12th day of April, and it was delivered to the county auditor on the 18th day of May, the tax list certified to the clerk of the board of supervisors in September and October of that year, and then placed in the hands of the treasurer for collection. *Held*, that the tax was not invalid on the ground that it was levied upon an assessment not made and returned at the time the tax was voted.

2. —— RIGHT TO RECEIVE TAX. When a railroad company to which such tax has been voted, has, upon the faith thereof, constructed its road and put it in operation, the company becomes thereby entitled to the tax, and this right is not forfeited or lost by the subsequent alienation of the railroad to another company.

*Appeal from Floyd District Court.*

FRIDAY, JANUARY 25.

SUIT in equity, by the plaintiffs, who allege that they are citizens and tax payers of St. Charles township in Floyd county, against Childs as treasurer of the county and the McGregor and Sioux City Railway Company, to enjoin the collection of a tax of two

1. TAXATION: in aid of railways.

and one-half per cent, voted by the citizens of said township in aid of the construction of said railway.

The plaintiffs allege in their petition that on the 16th day of March, 1869, the trustees of the township ordered an election to be held upon the question of voting said tax; that pursuant to said order, the election was held on the 30th day of March following; that on the next day, the trustees levied the tax pursuant to said vote, and ordered the clerk of the township to certify the tax, etc., to the board of supervisors; that in the months of September and October, 1869, the clerk made out said certificate, tax-list, etc., and delivered the same to the clerk of the board of supervisors, pursuant to said order; that the same was delivered to the treasurer of the county, who was proceeding to collect the same. That at the time the tax was levied by the trustees no assessment of the property of the township for 1869 had been returned, and was not returned till twelve days thereafter; that the aggregate of the assessment for 1869 was one-half more than for 1868; that the McGregor and Sioux City Railway Company, defendant, had not built any railroad in said township, or contiguous to it, did not own any and could not expend the money in the construction of one. The petition asked an injunction.

The defendant, the McGregor and Sioux City Railway Company, answered, admitting all the allegations of the petition, except that it had not built the railroad; and averred that the name of the railway company had been changed to the McGregor and Missouri Railway Company, that it was the same company, and it had built the railroad on the faith of the tax, and the same was now being operated by its grantee. The defendant also alleged that on the 10th day of November, 1869, after said tax had been voted, levied, certified and delivered to the treasurer, and he was proceeding to collect the same, one of these plaintiffs and other citizens of said township filed their petition in equity against the treasurer, and to which this railway company, defendant, was afterward made a party, asking an injunction against the collection of said tax; that an injunction was granted; that afterward said cause was

determined on its merits and the injunction dissolved. The defendant relies upon said former adjudication as a bar to this action. The plaintiff demurred to this answer; the court sustained the demurrer and granted the injunction as prayed for. The defendant appeals.

*Starr & Patterson* for the appellant.

*J. M. Parsons* for the appellees.

COLE, J.—The grounds relied upon in support of the demurrer to the answer are, *first:* That a tax cannot be levied upon an assessment not made and returned at the time the tax was voted.

It appears that the election respecting the tax was ordered by the township trustees and notice thereof given on the 16th day of March, 1869; that the election was held on the 30th day of March, and on the next day the trustees made an order pursuant to the result of said election, levying a tax of two and one-half per cent upon the taxable property of the township, and ordered the clerk of the township to certify to the clerk of the board of supervisors a tax list of said tax according to the valuation of the property of the township for the year 1869; that the township assessor returned the assessment book to the township clerk on the 12th day of April, and it was delivered to the county auditor on the 18th day of May; that the tax list was made out and certified to the clerk of the board of supervisors in September and October, and said list was then placed by him in the hands of the treasurer for collection.

Under our law all property is assessed at the value and to the owner thereof on the first day of January of the current year. Rev., § 719. The assessor enters upon his duties on the second Monday of January (section 733), and must return his assessment book to the township clerk on or before the second Monday in April (section 736). The other steps up to and including the commencement of the collection of the taxes

for the current year are required to be done by the first day of December. This is equally true respecting school taxes that are not voted till in March. In view of the provisions of our statute, as above mentioned, and numerous others, it is very manifest that the tax voted and sought to be enjoined in this case was regularly and legally to be levied upon the assessment of 1869, the year in which it was voted.

*Second.* That a township tax cannot be collected and paid over to a railroad company which has sold its road. The defendant, by its answer, avers that it did, upon the faith of said tax, in the year 1869, construct, complete and put in operation the railroad through said township, and that the same has been ever since and is now in operation; that since the tax became due to the defendant it has sold said railroad to another railroad company, which still owns and operates it. The statement as above propounded by the appellee's counsel arises upon the demurrer to this answer. In view of these averments we answer that in such case the tax can be collected. When the company to which a tax has been voted, has, upon the faith of the tax, constructed the road and put it in operation, such company becomes entitled to the tax, and this right is not forfeited by the subsequent alienation of the railroad to another company. This ought to be so, especially where the township is enjoying, as appears from the averments in this case, all the benefits which could have resulted to it if there had been no alienation.

*2. —— right to receive tax.*

Since we are led to affirm the right of defendant upon the two propositions, as above stated, it becomes unnecessary to inquire whether the former adjudication constitutes a bar to this action. Whether it does or not, this judgment must be

Reversed.