[Civ. No. 15508. First Dist., Div. One. Sept. 17, 1953.]

CITY OF SOUTH SAN FRANCISCO, Appellant, v. LUTHER EDDIE BERRY et al., Respondents.

Richard P. Lyons for Appellant.

R. A. Rapsey for Respondents.

WOOD (Fred B.), J.—According to the amended complaint, the county of San Mateo, in June, 1945, issued to defendant Luther E. Berry a permit to construct a single family residence on a certain parcel of land which by and pursuant to the land use ordinances of the county had been classified as residential and limited to single family dwellings; on August 19, 1946, this parcel of land, with other lands, was annexed to and made a part of the city of South San Francisco; the permittee and his wife Christine Berry have constructed a building for use by more than one family and have permitted three families to occupy it, in violation of the county land use ordinances; and defendants have constructed an additional building on this land, a building now occupied by a family. It is not alleged that the city has a similar or any ordinance on this subject.

Upon the basis of those facts the city seeks a permanent injunction restraining the defendants from using the buildings on this parcel of land as a place of residence for more than one family, and an order requiring the defendants to so remodel these buildings that they will be incapable of use as a place of residence for more than one family.

The city has appealed from the judgment of dismissal rendered after the sustaining of a general demurrer to the amended complaint and plaintiff's failure further to amend.

The judgment must be affirmed. ▮▮ The police power has been given the county and the city respectively, for exercise only "within its limits." (State Const., art. XI, § 11.) When the land in suit was annexed to plaintiff city it left the territorial jurisdiction of the county, ceased to be "within its limits." For various applications of this principle, see *Petition of Sanitary Board of East Fruitvale Sanitary Dist.*, 158 Cal. 453 [111 P. 368]; *San Francisco-Oakland Terminal Rys.* v. *County of Alameda,* 66 Cal.App. 77 [225 P. 304]; *In re Knight,* 55 Cal.App. 511 [203 P. 777]; *City of El Cajon*

v. *Heath*, 86 Cal.App.2d 530 [196 P.2d 81]; 18 Cal.Jur. 833, Mun. Corp., § 138.

Plaintiff relies on this statement in 8 McQuillin on Municipal Corporations, 3d edition, page 38, section 25.14: "it has been said that zoning imposes restrictions on the use of the land which attach to and run with the land," citing *Orme v. Atlas Gas & Oil Co.* (1944), 217 Minn. 27 [13 N.W.2d 757, 759, 761]. The court was there defining the term "*zoning* statute or ordinance" incident to ascertaining whether the words "other . . . Governmental action, law or regulation" (in the expression "zoning statute or ordinance, or any other Municipal or Governmental action, law or regulation") comprehended and included federal regulations restricting the sale of gasoline. The court's remarks obviously had no bearing on the question whether or not a county zoning ordinance "runs with the land" when the land leaves the county upon being annexed to a city.

The judgment is affirmed.

Peters, P. J., and Bray, J., concurred.