CENTRAL IOWA POWER COOPERATIVE, a corporation, and JOHN
WESSALE, plaintiffs-appellants, v. CITY OF CEDAR RAPIDS,
a municipal corporation, appellee, JOHN A. BURRILL,
auditor, and LINN COUNTY, defendants-appellants.

No. 50698.

(Reported in 116 N.W.2d 422)

2

JULY 24, 1962.

Wisdom, Sullivan & Golden, of Des Moines, and Sargent, Spangler, Hines & Pence, of Cedar Rapids, for plaintiffs-appellants.

Richard F. Nazette, County Attorney, and Keith E. Stapleton, Assistant County Attorney, of Cedar Rapids, for defendants-appellants John A. Burrill and Linn County, Iowa.

C. W. Garberson and William M. Dallas, both of Cedar Rapids, for defendant-appellee City of Cedar Rapids.

THORNTON, J.—Plaintiffs, Central Iowa Power Cooperative and John Wessale, are the owners of property located within the area annexed by the City of Cedar Rapids on July 19, 1961. They bring this action for declaratory relief to determine their rights with respect to the collection and payment of taxes for 1961, payable in 1962. They contend they are not subject to city taxes but only to those of defendant Linn County.

The defendants, City of Cedar Rapids, Linn County, and the auditor of Linn County, have asked declaratory relief on the same question in their answers. Defendant city filed a cross-petition against its codefendants asking the auditor be required to prepare the tax list to show the property in the annexed area subject to city taxes.

The trial court held the property was subject to city taxes to the same extent as all other property within the city limits and it should be so listed on the tax list by the county auditor for delivery to the county treasurer.

Plaintiffs and defendants Linn County and county auditor appeal.

This controversy arises from the annexation of certain territory to the defendant city by court action. Plaintiffs, defendant Linn County, and the State of Iowa, were parties defendant in that action. That case was appealed to us. We reversed the

trial court and remanded the case for entry of decree of annexation as prayed on March 7, 1961. City of Cedar Rapids v. Cox, 252 Iowa 948, 108 N.W.2d 253. We denied a petition for rehearing May 2, 1961. A stay of issuance of procedendo was granted to July 17, 1961, to allow an appeal to the Supreme Court of the United States. (The Supreme Court of the United States dismissed the appeal for want of a substantial Federal question October 9, 1961.) Procedendo issued from this court July 18, 1961, and on the following day, July 19, a decree of annexation was entered in the Linn District Court. On July 21, 1961, the clerk of the district court filed a certified copy of the decree, including a legal description and plat of the territory annexed with both the recorder and the auditor of Linn County, Iowa. The property included in the annexed area, other than of plaintiff Central Iowa Power Cooperative and other utilities, had been assessed by the county assessor by April 30. The sessions of the board of review were held and concluded. Sections 28 and 33, chapter 291, Laws of the Fifty-eighth General Assembly, now sections 441.28 and 441.33, Code of Iowa, 1962. The county assessor's books showing the property outside of Cedar Rapids, except that of the utilities, were received by the auditor on June 25 and 26, 1961. The county auditor received the books of the city assessor of Cedar Rapids on August 4 and 11, 1961. The city assessor did not attempt to assess any property in the annexed area. The levy by the city was made August 15, 1961, when the city clerk certified its budget to the county auditor. On August 31, 1961, the auditor certified an abstract of assessment to the state tax commission. The annexed area was therein shown to be outside the city limits. This abstract did not cover the utility properties.

The state tax commission filed a certificate of assessment dated September 15, 1961, of the property of plaintiff Central Iowa Power Cooperative with the county auditor September 19, 1961. This certificate showed the annexed area outside the city. The commission filed an amended certificate September 29, 1961, showing the property assessed within the city limits. The commission again filed an amended certificate October 16, 1961, stating the determination of the taxing district is based on the annexation case and is subject to the determination in this case.

The property of plaintiffs was zoned for industrial use under the county zoning ordinance. After the annexation their property was automatically included in a residential zone of the city. No steps have been taken to rezone this property.

I. Appellants urge four propositions for reversal. First, that the property of plaintiffs cannot be taxed by the city when the property has been assessed by the county assessor and shown on the county rolls and not assessed by the city assessor nor shown on the city assessment rolls, and when the annexation lowered the value of the property and no adjustment has been made to allow for the change in value. Second, that the annexation is not complete. Third, that the county auditor has no authority to transfer property from one taxing district to another. And fourth, that use of the county assessor's valuation deprives the plaintiffs of their right to appeal to the board of review and district court and they are therefore deprived of due process of law and equal protection of the law as guaranteed by the Federal and State Constitutions.

At the outset we have two classes of property, the property of the utility, Central Iowa Power Cooperative, which is required to be assessed by the Iowa State Tax Commission, section 428.29, Code of Iowa, 1958, and plaintiff Wessale's property required to be assessed by the county or city assessor as the case may be, sections 17, 18 and 28, chapter 291, Laws of the Fifty-eighth General Assembly. It is difficult to see how the first, third and fourth propositions can apply to the utility property.

II. Because the second proposition, that the annexation is incomplete, is common to both plaintiffs we will discuss it first. It is urged that because the city did not fully comply with section 362.33, Code of Iowa, 1958, the properties were not within the city at the time of the levy August 15, 1961. Section 362.33 provides:

"When any territory has been annexed to or severed from any city or town the clerk thereof shall make and certify a transcript of such part of the records of such city or town as shows the final action of the council and shall file the same for record in the office of the recorder of the county in which the city or town is located. And in like manner the clerk of the

district court shall make and file a certified copy of the record of the final action of the court on such proceedings and when such certified copies have been filed the annexation or severance, as the case may be, shall be complete and all persons shall be bound to take notice thereof."

The contention is because the city clerk did not file a certified transcript on the final action of the council with the recorder until October 11, 1961, the annexed area was not a part of the city at the time of the levy August 15, 1961. This is an erroneous view of the purpose of section 362.33. It has two parts, one, final action by the council, the other, final action by the court. In the annexation of the area under consideration the council did not take final action. The papers filed by the city October 11 merely show the completion of preliminary steps up to bringing the action pursuant to section 362.26, Code of Iowa, 1958. The decree of annexation by the court is the final action. See City of Cedar Rapids v. Cox, 252 Iowa 948, 108 N.W.2d 253. Final action on the part of the council is taken in annexation proceedings pursuant to section 362.30, Code of Iowa, 1958.

The purpose of the statute is to impart notice to the public of the accomplished fact of annexation. To require filing with the recorder of the preliminary steps taken by the council would be requiring a useless act. Notice that a proceeding is half over is never contemplated. Where possible a construction is placed on a statute that is meaningful and a definite purpose accomplished. We hold the filing of a certified copy of the decree of annexation by the clerk of the district court on July 21, 1961, complies with the provisions of section 362.33, and that thereafter all persons must take notice thereof. As supporting this construction of section 362.33, see Ford v. The Town of North Des Moines, 80 Iowa 626, 633 et seq., 45 N.W. 1031; Case v. Olson, 234 Iowa 869, 14 N.W.2d 717; and Iowa Power & Light Co. v. Incorporated Town of Pleasant Hill, 253 Iowa 532, 536, 112 N.W.2d 304, 307, and citations.

It is not necessary to discuss the finality of the decree of annexation on July 19 as to the parties to the action. In any event it was final on July 21, 1961, prior to the levy August 15,

1961, upon filing of the city budget with the county auditor. But see State Savings Bank of Missouri Valley v. Shinn, 130 Iowa 365, 367, 368, 106 N.W. 921, 114 Am. St. Rep. 424.

III. In view of the determination that in no event could the date of completed annexation be later than July 21, 1961, the case is over so far as plaintiff Central Iowa Power Cooperative is concerned. It was required to know this fact. It was in the city. The tax commission assessed its property as shown by its certificate of assessment filed with the county auditor September 15, 1961. This certificate was in error as to the proper taxing district. An amendment was filed September 29, 1961, showing the property in Cedar Rapids. Section 428.24, Code of Iowa, 1958, provides the State tax commission shall list and assess the property of such a utility. See also section 428.25, Code of Iowa, 1958, as to property in different districts. Section 428.29, Code of Iowa, 1958, requires the commission at its meeting on the second Monday of July to determine upon the basis of the data furnished by the utility by May 1 and any other information it may obtain, the actual value of the utility property and certify its assessment to the auditor on or before the third Monday of August. Here if the assessment had been filed by the third Monday of August this plaintiff's position would have been the same. In 1961, the second Monday of July was the 10th. Within eleven days, July 21, the state tax commission had notice as a matter of law that the property was located in Cedar Rapids. If this was overlooked in filing a certificate on the third Monday of August (in 1961, the 21st) it would be an error, known to plaintiff, and subject to correction. In any event, the assessment and levy would be made after the property was annexed. This plaintiff had the right to ask for a review of its assessment by the tax commission within ten days after the assessment was certified to the county auditor. Section 428.30, Code of Iowa, 1958. Its failure to do so does not place it in a position to say it cannot now be taxed by the city.

IV. Turning to plaintiff Wessale's property and other real estate in the annexed area, the power of the city to tax the same is found in section 404.2, Code of Iowa, 1958. It provides, "Mu-

nicipal corporations shall have power * * *, and to cause taxes to be levied on all taxable property within the corporate limits * * *."

Section 404.3, Code of Iowa, 1958, fixes the time of the levy and the duty of the county auditor and county treasurer. It provides:

"All assessments and taxes of every kind and nature caused to be levied by the council * * * shall be certified by the clerk on or before the fifteenth day of August to the county auditor, and by him placed upon the tax list for the current year, and the county treasurer shall collect such assessments and taxes in the same manner as other taxes, * * *."

The trial court accurately stated the applicable law as follows: "* * *, where an annexation takes place after a valid assessment of real estate is made, but before the taxes are levied, the real property which is annexed is subject to taxation by the district in which it is located at the time the levy is made rather than by the district in which it was located at the time the assessment was made. However, such levy will be applied to the assessment made by the officials of the prior taxing district."

This statement is fully supported by Snell v. The City of Fort Dodge, 45 Iowa 564; Lynch v. Howell, 165 Neb. 525, 86 N.W.2d 364; and Long v. City of Independence, 360 Mo. 620, 229 S.W.2d 686.

The following cases cited by plaintiffs, City of Hutchinson v. Stewart, 105 Kan. 743, 185 P. 740; City of Latonia v. Meyer, Ky., 86 S.W. 686; City of Gulfport v. Todd, 92 Miss. 428, 46 So. 541; City of Austin v. Butler, Tex. Civ. App., 40 S.W. 340; and Chattanooga v. Raulston, 117 Tenn. 569, 97 S.W. 456, hold to the contrary. In the Latonia, Gulfport, Austin, and Chattanooga cases the courts simply put emphasis on the date of valuation or assessment as the date on which the property must be within the city to be subject to its taxing power. The City of Hutchinson case turns on the court's analysis of applicable Kansas statutes. The land annexed was two unplatted tracts of more than one-quarter section. One Kansas statute considered limited the authority of the city to certify its levies and the author-

ity of the county clerk to extend such levies to property "in such corporation, as returned on the assessment roll of the county." Another statute provided for the taxing of platted land annexed between March 1 and May 1, but not afterward. The court reasoned that where platted land could not be taxed if annexed after May 1, unplatted land annexed in July could not be taxed by the city without legislative authority.

Plaintiffs also claim something for the language in Adams v. Snow, 65 Iowa 435, 437, 438, 21 N.W. 765, to the effect that lands are brought within the jurisdiction of the taxing power by the assessment, the other steps (listing and levy) are intended to determine the amount of the tax and are proceedings to enforce the authority to tax, the first exercise of which was the assessment. The question involved was the right to redeem and to whom notice should be given. Section 894, Code of Iowa, 1873, now section 447.9, Code of Iowa, 1962, then, as now, provided for service of notice of expiration of right of redemption, "* * * upon the person in whose name the same is taxed, * * *." The case holds the land was "taxed" to plaintiff, her name appearing on the assessment roll by a correction made by the auditor, within the meaning of that section. The power of a taxing district was not involved.

In the Snell case, supra, we held the property included within the city limits of Fort Dodge upon its incorporation was properly taxed by the city based on the assessment made by the township assessor the previous year, 1869. Fort Dodge was incorporated December 2, 1869. A city assessor was appointed and qualified May 16, 1870. In listing and assessing the property in the city he merely copied from the assessments made in the township for 1869. Under the law as it then existed real property was valued and assessed in odd numbered years. Sections 719 and 720, Revision of 1860; section 812, Code of Iowa, 1873. Now it is every four years. Section 428.4, Code of Iowa, 1962. At page 567 of 45 Iowa we said:

"Under the law as it then existed, and is still in force, there could be no new and independent valuation and assessment of real property made by the assessor in 1870, except as to such as had been omitted in 1869. If the assessor elected or appointed

in 1870 had undertaken to assess and place a different value on real property from that fixed in 1869 such act would have been without authority of law, and a levy of taxes based thereon, we incline to think, would have been of doubtful propriety, if not void. As to such property it is a matter of grave doubt whether the assessor had anything to do therewith. As a matter of convenience he might list it, but he was not required to do even this; but, when the county auditor made out the tax-books for that and all other evenly numbered years, it was his duty to make up the proper list from the books of the previous year, so far as all real property that had been assessed and taxed during that year was concerned, and calculate the taxes thereon, based on the values as fixed and determined by the books in his office. Rev., Secs. 719, 720; Code, Sec. 812; Chap. 138, Sec. 2, Laws of the Twelfth General Assembly. Such being true, it was wholly immaterial how, when, or in what manner the assessor of 1870 performed his duties, provided the levy was based on the assessment of 1869, and the amount of taxes ascertained by calculations based on the values fixed by such assessment."

Plaintiff states the holding in Bailey v. Fisher, 38 Iowa 229, is that where no valid assessment is made by the assessor of the corporation claiming the tax, no valid tax results. We do not so read the opinion, there the action was to set aside a tax deed on the ground the land had not been legally assessed. The land was in Fairview Township, Jones County, outside of Anamosa. One Arnold was the elected assessor of the township. One Dott, the elected (irregular) assessor of the town of Anamosa. Mr. Dott, as assessor of Anamosa, assessed the land in question. He did not claim to act as township assessor. The assessment was held to be a nullity. No question of annexation was involved.

V. Complaint is made that plaintiff Wessale has been deprived of his right to be heard on the question of the change in value of his property caused by the annexation. We do not believe this factor to be controlling. There are some burdens of living in organized society, of which annexation to a nearby city is one, that are not protected by either the Federal or State Constitution. See City of Cedar Rapids v. Cox, 252 Iowa 948, 108 N.W.2d 253, 260.

However, we do not find plaintiff Wessale has sustained substantial injury. His property was assessed by the proper authority, the Linn County assessor. His property was a part of Linn County at the time. His argument, apparently, that he is entitled to the personal attention of the city assessor if he is to be taxed by the city, sections 17, 18, and 21 of chapter 291, Laws of the Fifty-eighth General Assembly, is without merit. He received this from the county assessor. The power of the city to tax based on such an assessment is settled by Snell v. The City of Fort Dodge, 45 Iowa 564. He also urges he has been deprived of his right to protest his assessment on the ground it is not equitable as compared with assessments of other like property in the taxing district. Subsection 1, section 37, chapter 291, Laws of the Fifty-eighth General Assembly. He has offered no evidence bearing on this inequity. He has offered evidence on the question of value. He testified his seven and one-half acres of land with a house on it of all masonry construction, built in that manner to be adaptable as an office building, was worth $75,000 before annexation, and worth $30,- 000 after annexation. He says the difference in value is caused by the change from an industrial zone to a residential one. His testimony shows the property is suited for industrial zoning and not residential use. The assessed value of this property was shown on the assessment books for 1961 as $11,578. This assessed value is substantially less than 60% of the value placed thereon by Mr. Wessale. Section 21, chapter 291, Laws of the Fifty-eighth General Assembly, provides the assessed value shall be 60% of the actual value. We appreciate that Mr. Wessale was testifying to market value, and that market value is one of the factors to be considered by the assessor in determining actual value. Section 21, supra. No attempt was made to show actual value as distinguished from market value.

The planning director for the City of Cedar Rapids and Linn County testified the rezoning of this property is under consideration and that no application to rezone had been filed. Mr. Wessale did not file a protest of the assessment by the county assessor with the board of review during the time allowed from May 1 to May 20. The petition for a rehearing in the annexation case was denied by us May 2.

This plaintiff claims Snell v. The City of Fort Dodge, 45 Iowa 564, is based on a determination that no substantial injury was incurred by the taxpayer. The opinion does recite, page 568 of 45 Iowa, that "plaintiff was not deprived of the opportunity of having the assessment of his property corrected." But we do not understand from the opinion this factor was controlling. In that case the taxpayer had the opportunity of appearing before the board of equalization in 1870 after the city was incorporated but before the levy was certified on September 26, 1870. Here plaintiff's opportunity to appear before the board of review was after a decree of annexation had been ordered and a rehearing denied, but before the entry of the decree. In the Snell case and this one the taxpayer would be complaining about matters that did not exist at the time a valid assessment was made.

Assuming this factor is controlling, we do not find Mr. Wessale has been deprived of any right or suffered substantial injury.

■ VI. It is also urged the county auditor is without authority to show the property in the annexed area on the tax list as being in Cedar Rapids. The contention is that the auditor's authority is limited by section 443.3, Code of Iowa, 1958, to correcting all transfers up to date and placing the legal description of all real estate in the name of the owner at said date as shown by the transfer book in his office, and by section 443.6, Code of Iowa, 1958, which provides, "The auditor may correct any error in the assessment or tax list, and the assessor or auditor may assess and list for taxation any omitted property." This may be read, "The auditor may correct any error in the * * * tax list, * * *."

In Smith v. McQuiston, 108 Iowa 363, 366, 79 N.W. 130, 131, where the amount of the valuation of plaintiff's real estate had been erroneously copied as $3150 instead of $310, we said:

"The word 'mistake', as used in this section, does not include, of course, errors of judgment on the part of the assessor, but is meant, perhaps, to cover all cases where the record does not disclose the true facts, and in which the matter of judgment or dis-

cretion is not involved. Certainly it includes an error purely clerical, such as we have in the case at bar. When the determination of whether there is a mistake depends upon the facts outside of the record, though it is nevertheless within the power of the auditor to act, yet we think it is wise for him to decline doing so, as he did in this case, until the matter has been passed upon by the court."

As bearing on the kind of error subject to correction by the auditor, see also In re Estate of Mead v. Story County, 119 Iowa 69, 93 N.W. 88; and Polk County v. Sherman, 99 Iowa 60, 68 N.W. 562, and citations.

It is apparent that if the auditor does not list the property in the annexed area as being in the City of Cedar Rapids the tax list will not disclose the true facts. It would have been proper for the county auditor to correct the tax list himself, but as pointed out in Smith v. McQuiston, supra, he may wait until the matter has been passed on by the court.

To summarize, the utility property was valued, assessed, and the levy made after the effective date of annexation. It is subject to city taxes. The property of Mr. Wessale and other real estate in the annexed area was properly valued and assessed by the county assessor, the assessor for the taxing district in which it was then situated. Mr. Wessale or others similarly situated were not denied the right to protest the assessment except as to the difference in value due to annexation and on the ground it is not equitable as compared with assessments of other like property in the new taxing district. These matters were not in existence at the time of the assessment. (Except in this case, to the extent that a decree of annexation had been ordered and a rehearing denied by this court.) They inhere in annexation of territory by a city and are not within the protection of any taxing statutes or the Federal or State Constitution. The levy was made after annexation, at a time when the city had the statutory power to levy taxes in the annexed area. This levy is properly applied to the valid assessment made by the county assessor to determine the tax. In order that the tax list will disclose the true facts the county auditor shall list the property in the annexed area as in the City of Cedar Rapids.

The decree of the trial court is—Affirmed.

All JUSTICES concur.