**TOWN OF GRIMES, a Municipal Corporation, Appellant,**

v.

**BOARD OF ADJUSTMENT, POLK COUNTY, IOWA, Appellee,**

and

**Des Moines Metropolitan Solid Waste Agency, Intervenor-Appellee.**

No. 2–57185.

Supreme Court of Iowa.

June 30, 1976.

Whitfield, Musgrave, Selvy, Kelly & Eddy, Des Moines, for appellant.

Ray A. Fenton and John King, Polk County Attys., for Bd. of Adjustment.

Connolly, O'Malley, Lillis & Hensen, Des Moines, for intervenor.

Heard by MOORE, C. J., and LeGRAND, UHLENHOPP, REYNOLDSON and McCORMICK, JJ.

LeGRAND, Justice.

After public hearing, the Board of Adjustment of Polk County issued a special use permit authorizing Des Moines Metropolitan Area Solid Waste Agency to establish a sanitary landfill on property near the Town of Grimes. The town challenged the Board action by writ of certiorari and, after trial in district court, the writ was annulled and the action of the Board affirmed. Plaintiff has appealed from that determination. We affirm.

With leave of court, the Des Moines Metropolitan Solid Waste Agency is in the case as intervenor.

All references to statutes are to the 1973 Code. The repeal of Chapter 362 by Chapter 1088, § 199, of the Acts of the 64th General Assembly became effective July 1, 1975, subsequent to the proceedings pertinent to this appeal.

Plaintiff raises these two issues:

1. The Board granted the special use permit contrary to Article 23, § D, subsection b, of the Polk County Zoning Ordinance.

2. The Board lacked jurisdiction to grant the special use permit because the Town of Grimes had already commenced involuntary annexation proceedings against the property.

I. Before discussing these issues separately, we dispose of one matter urged upon us as grounds for rejecting the first of these alleged errors. Defendant and intervenor argue the county zoning ordinance was not introduced in evidence. They say we cannot take judicial notice of the ordinance and any alleged error involving an interpretation of the ordinance must be disregarded.

■ It is true judicial notice may not be taken of an ordinance. *Worden v. City of Sioux City*, 260 Iowa 1219, 1223, 152 N.W.2d 192, 194 (1967). While the ordinance was not introduced or otherwise established in the district court, it was before the Board of Adjustment at the hearing on intervenor's application for special use permit. The only purpose of that hearing was to determine if a special use permit should be issued under the ordinance.

■ On certiorari, proceedings before the Board become part of the record in district court. Under these circumstances, we hold the county zoning ordinance was properly before the trial court as part of the return on the writ of certiorari directed to defendant Board.

We find no merit in this argument.

■ II. Our review is on assigned errors. The findings of the district court, if supported by substantial evidence, have the effect of a jury verdict. *Trailer City, Inc. v. Board of Adjustment*, 218 N.W.2d 645, 646–648 (Iowa 1974) and citations.

III. Plaintiff's first claim of error alleges the defendant Board granted the special use permit contrary to the provision of Article 23, § D, (b) of the Polk County Zoning Ordinance.

This complaint is supported by ten separate specifications of alleged illegality on the part of the Board dealing with such matters as diminution of land values, interference with light and air, traffic congestion, and pollution. Plaintiff also raises several procedural objections.

Without detailed discussion of each complaint, we find the defendant Board acted within its proper authority, and the claim of illegality is without support.

We have reviewed the return to the writ of certiorari setting out the substance of the extensive testimony before the Board. We have also reviewed the transcript of the district court trial.

■ Every complaint raised by plaintiff was given consideration by the Board. Each is supported by substantial, though disputed, evidence. Each was resolved against plaintiff. The trial court found,

and we do, too, the Board's decision to be based on "sound reasons." Under the record before us, we are bound by the result reached. *Johnson v. Board of Adjustment*, 239 N.W.2d 873, 878–879 (Iowa 1976); *Trailer City, Inc. v. Board of Adjustment, supra*, 218 N.W.2d at 646–648.

One other matter demands special attention before leaving this division.

One of plaintiff's complaints about the Board's failure to comply with § 23 of the ordinance involves the absence of any specific conditions attached to the granting of the special use permit.

The ordinance (§ 23, (D), (b)), provides the Board, in granting a special use permit, "may attach conditions which it finds are necessary to carry out the purpose of this ordinance, in conformance with what is provided in Article 19 [dealing with special uses]."

Article 19 contains this language:

"In approving any 'special use' the Board of Adjustment may prescribe appropriate conditions and safeguards. * * * "

Plaintiff argues "may" as used in these sections requires a holding the term is meant to be mandatory rather than permissive. Plaintiff urges us to hold the granting of the special use permit invalid because no "appropriate conditions and safeguards" were prescribed.

■ Even if, arguendo, plaintiff's argument is adopted, we find no violation of the ordinance because it was protected by a multitude of conditions and safeguards fixed by statute.

Sanitary landfills have come in for special legislative attention in recent years because of our critical need for adequate means to dispose of solid waste. Chapter 455B, The Code, 1973, reflects this concern. *See also Vogelaar v. Polk County Zoning Board of Adjustment*, 188 N.W.2d 860, 861 (Iowa 1971).

We have entertained a number of landfill cases arising out of objections by those who understandably fear the unpleasant consequences of an adjacent landfill. Among these cases are *Buchholz v. Board of Ad-justment of Bremer County*, 199 N.W.2d 73 (Iowa 1972); *Vogelaar v. Polk County Zoning Board of Adjustment, supra*, 188 N.W.2d at 861; *Schultz v. Board of Adjustment of Pottawattamie County*, 258 Iowa 804, 139 N.W.2d 448 (1966).

Everyone, it seems, recognizes the problem which the disposal of solid waste poses; but people do not want landfills near them. The residents of Grimes are no exception. Everyone concedes, too, that a landfill without protective standards might lead to a variety of health, environmental, and esthetic difficulties. *See Incorporated Town of Carter Lake v. Anderson Excavating and Wrecking Co.*, 241 N.W.2d 896 (Iowa 1976).

However, the legislature has undertaken to assure the proper operation of these disposal facilities. Chapter 455B includes a comprehensive plan for establishing and operating landfills. The special use permit was subject to these statutory conditions.

Adopted in 1972, the chapter provides for a Department of Environmental Quality. It also establishes a Solid Waste Disposal Commission. It provides that every city and county of the state shall provide for sanitary disposal of solid waste. (§ 455B.76) An executive director is to administer the provisions of the statute subject to the rules established by the Solid Waste Disposal Commission. (§ 455B.77) Every city, county and private agency operating or planning to operate a sanitary disposal project is required to file a plan to be approved by the executive director of the Department of Environmental Quality. (§ 455B.80) The rules of the Department of Environmental Quality are comprehensive and detailed. *See* 1973 Iowa Departmental Rules, pages 296–301.

These regulations not only cover the type of solid waste which may be disposed of and the manner in which this may be done but also such things as cover and compaction; grading; pest control; approach roads; fire equipment; attendants; fences; and furnishing suitable grass cover for the final surface. We have not set out the regulations in their entirety but have stated only

enough to demonstrate how restrictive they are.

The special use permit issued by the Board was subject to these conditions, whether specifically mentioned or not. *Deardorf v. Board of Adjustment*, 254 Iowa 380, 384, 118 N.W.2d 78, 83 (1962); *Town of Randolph v. Gee*, 199 Iowa 181, 182–184, 201 N.W. 567, 568 (1925); *see also Depue v. City of Clinton*, 160 N.W.2d 860, 863 (Iowa 1968). The Board would have been hard put to find any additional "appropriate conditions and safeguards" contemplated by the ordinance.

The failure of the Board to impose additional conditions of its own did not, under these circumstances, offend against the provisions of the ordinance.

IV. The remaining issue concerns the Board's jurisdiction to act in view of a pending petition by the Town of Grimes to annex the territory in which the landfill was to be located.

After appropriate preliminary steps, including adopting a resolution of annexation and the holding of a special election at which the proposal was approved, the Town of Grimes filed its petition for annexation in district court on June 8, 1972.

On June 22, 1972, the application for special use permit was filed by the Des Moines Metropolitan Solid Waste Agency. After notice and public hearing, the special use permit was granted.

Plaintiff argues the filing of the annexation petition deprived the Board of all jurisdiction. We disagree.

■ Annexation is purely statutory. The legislature prescribes the conditions under which a municipality may extend its borders. At the time in question Chapter 362 (since repealed) regulated the manner in which annexation could be accomplished. The details of that procedure are unimportant here except one critical circumstance— the effective date of the annexation.

■ The general rule is that annexation becomes complete at the time designated by the legislature. The annexed territory then becomes subject to municipal burdens and benefits. 62 C.J.S. Municipal Corporations § 72, page 182 (1949). Under our statute the annexation is complete when a decree finding annexation to be proper is filed. *Central Iowa Power Coop. v. City of Cedar Rapids*, 254 Iowa 1, 5–6, 116 N.W.2d 422, 425 (1962); § 362.33, The Code, 1973.

■ Until that time, there is no annexation. Until that time, it is not known whether there will ever be any. As this plaintiff certainly must recall, the court may deny, as well as allow, annexation. *See Town of Grimes v. Adel Clay Products Co.*, 256 Iowa 145, 126 N.W.2d 270 (1964).

When this special use case was tried in district court, the annexation petition was still pending, more than a year-and-a-half after it had been filed.

No persuasive authority has been cited which holds the filing of a petition to annex places the territory sought to be absorbed in some kind of limbo until the question of annexation is decided. This would mean it had no governmental status during what might be, as it is here, an extended period. The municipality would owe it nothing because it was not yet within its borders. According to plaintiff, the county could exercise no discipline over it because at some later date it *might* become part of the city.

Under this theory, various problems immediately suggest themselves. What about police protection? What about road maintenance? What about taxes?

■ The authorities cited by plaintiff deal solely with disputes between two municipalities as to which has jurisdiction to annex (or incorporate). Under those circumstances, the one first filing (assuming the statute is fully comply with), has exclusive right to follow through. *Town of Clive v. Colby*, 255 Iowa 483, 492–497, 123 N.W.2d 331, 332–334 (1963); *Incorporation of Village of Capital Heights v. City of Rockford*, 41 Ill.2d 256, 242 N.E.2d 247, 248 (1968). The correct rule is that the county zoning ordinance should apply until the annexation is complete. *See Village of Mount Prospect*

*v. County of Cook*, 113 Ill.App.2d 336, 343, 252 N.E.2d 106, 110–111 (1969).

V. We make no finding as to the status of county zoning provisions when annexation becomes complete. That matter is not before us. *But see Ben Lomond, Inc. v. City of Idaho Falls*, 92 Idaho 595, 598–599, 448 P.2d 209, 212–214 (1968); *Taylor v. Bowen*, 272 N.C. 726, 728, 158 S.E.2d 837, 839 (1968); *City of South San Francisco v. Berry*, 120 Cal.App.2d 252, 254, 260 P.2d 1045, 1046 (1953); 101 C.J.S. Zoning § 134, page 892 (1958); *see generally* 2 McQuillin on Municipal Corporations, § 7.46 at 525 (Rev.Ed.1966).

VI. We find no error. We have not considered plaintiff's claim the chairman of the defendant Board should not have voted. No authority is cited to support this statement, and we deem it waived.

The judgment is affirmed.

AFFIRMED.