IN THE COURT OF APPEALS OF IOWA

No. 16-0267
Filed May 3, 2017
Amended July 19, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MICHAEL SCHEFFERT,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Black Hawk County, Joseph M. Moothart (motion to suppress) and Nathan A. Callahan (trial), District Associate Judges.

        Defendant appeals the trial court ruling denying his motion to suppress evidence. **REVERSED AND REMANDED.**

        Thomas J. Viner of Viner Law Firm, P.C., Cedar Rapids, for appellant.

        Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney General, for appellee.

        Considered by Vogel, P.J., Vaitheswaran, J., and Blane, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

CLERK OF SUPREME COURT          JUL 19, 2017          ELECTRONICALLY FILED

**BLANE, Senior Judge.**

Michael Scheffert appeals from the district court's denial of his motion to suppress and his conviction for possession of a controlled substance (marijuana) following a bench trial on the minutes of testimony. Scheffert maintains the police officer initiated a stop of his vehicle without probable cause or reasonable suspicion, in violation of his state and federal constitutional rights.

**I. Background Facts and Proceedings.**

On May 30, 2015, at approximately 12:37 a.m.,[1] Scheffert was driving a motor vehicle in the Falls Access area in Black Hawk County. Officer Tim Peterson initiated a stop of the vehicle because he believed it was located in a county park area that closed at 10:30 p.m., pursuant to a county ordinance. After making contact with Scheffert and his passenger, the officer received Scheffert's consent to search the vehicle. During the search, the officer found a marijuana pipe with residue and a pill bottle with a clear plastic bag and a small of amount of what appeared to be marijuana. When asked, Scheffert admitted it was his marijuana.

The same day, Scheffert was charged by trial information with possession of a controlled substance (marijuana), in violation of Iowa Code section 124.401(5) (2015).

Scheffert filed a motion to suppress, arguing "[t]he stop and search of Defendant was conducted in violation of the Fourth Amendment to the Constitution of the United States and Article I, Section 8 of the Iowa constitution."

---

[1] The parties recognize that the time in the court's ruling is a scrivener's error. The record from the motion to suppress establishes the time of the stop was 12:37 a.m.

A hearing on the motion was held on October 23. Deputy Matthew Harris[2] testified the stop of Scheffert's vehicle occurred on a "level B road" that was maintained by the "Conservation Board" in an area known as the "Falls Access." He further testified the area was a county conservation property and the general public was not allowed to be in the area from 10:30 p.m. to 6:00 a.m. daily. Deputy Harris remembered there had been a sign at one time on the road that labeled it "county access," but he did not remember if there was such a sign on the date of the stop, and there was no such sign at the time of the hearing. Additionally, the sign he remembered did not list the hours the road or park were open to the public. The State did not seek to admit into evidence the county ordinance designating the area a park or setting hours.

During closing arguments, the State maintained the stop of Scheffert's vehicle was lawful because Officer Peterson had probable cause to believe Scheffert was in a county park after hours.

The district court filed a written ruling, denying Scheffert's motion to suppress. The court concluded "that the stop of the defendant's vehicle was based on the specific and articulable cause to reasonably believe that the defendant was operating his motor vehicle in a county access area after hours."

Scheffert proceeded to a bench trial on the minutes of testimony; he was found guilty of possession of a controlled substance and sentenced to ninety days in jail, with the entire term of incarceration suspended.

---

[2] According to testimony from the hearing on the motion to suppress, Officer Peterson died in a motor vehicle accident after these events and before the hearing. Deputy Harris, who was called to assist Officer Peterson during the stop, testified at the hearing. Video from Officer Peterson's squad car was admitted at the hearing.

Scheffert appeals.

## II. Standard of Review.

"We review the district court's denial of a motion to suppress based on the deprivation of a constitutional right de novo." *In re Pardee*, 872 N.W.2d 384, 390 (Iowa 2015).

## III. Discussion.

### A. Preservation.

As he did in his motion to suppress, Scheffert maintains on appeal that the officers' stop of his vehicle was unconstitutional "under [the] Iowa and Federal constitutions." However, because he has not made a separate argument under the Iowa Constitution, the State maintains we must limit our consideration to only that of the Federal Constitution. We believe "[i]t would elevate form over substance to declare that [Scheffert's] argument actually cannot be considered under the Iowa Constitution because he did not specifically state that he was asking the court to depart from . . . federal law." *State v. Coleman*, 890 N.W.2d 284, 287 (Iowa 2017) (considering the defendant's claim under the Iowa Constitution where the defendant failed to cite either constitution specifically in the motion to suppress and the district court did not specify under which constitution it was deciding the motion, but both constitutions were cited in the appeal). Thus, we consider Scheffert's claim under both the federal and state constitutions.

### B. Merits.

"Our federal and state constitutions protect people from unreasonable searches and seizures." *State v. Hoskins*, 711 N.W.2d 720, 725 (Iowa 2006)

(citing U.S. Const. amend IV; Iowa Const. art I, § 8; *State v. Cline*, 617 N.W.2d 277, 281 (Iowa 2000)). "Warrantless searches and seizures are per se unreasonable, unless one of the few carefully drawn exceptions to the warrant requirement exists." *Id.* at 726. "Stopping an automobile and detaining its occupants constitutes a seizure . . . even though the purpose of the stop is limited and the resulting detention quite brief." *Delaware v. Prouse*, 440 U.S. 648, 653 (1979). Thus, for the court to find the stop was lawful, the State must prove by a preponderance of the evidence that a recognized exception to the warrant requirement applies. *See Hoskins*, 711 N.W.2d at 726.

Stopping a vehicle and detaining the occupants is not an unreasonable seizure when the officer has either (1) probable cause to stop the vehicle due to observation of a traffic violation or (2) reasonable suspicion of criminal activity, supported by articulable facts that a criminal act has occurred or is occurring. *State v. Tague*, 676 N.W.2d 197, 201–04 (Iowa 2004). The State maintained Officer Peterson observed Scheffert's vehicle in a county park after the park hours, which it claimed constituted the violation of a county ordinance, providing Officer Peterson with probable cause or reasonable suspicion to stop the vehicle. However, the State failed to present evidence of the purported county ordinance, and "judicial notice may not be taken of an ordinance."[3] *Grimes v. Bd. of Adjustment*, 243 N.W.2d 625, 627 (Iowa 1976). Rather, "the ordinance must be pled and proved" or at least "'made a part of the record' in the trial court." *Cedar Rapids v. Cach*, 299 N.W.2d 656, 658–59 (Iowa 1980) (citation omitted).

---

[3] Prior to its repeal in 1973, Iowa Code section 367.8 (Mayors and Police Courts) authorized a district court to take judicial notice of ordinances. *See Des Moines v. Reiter*, 102 N.W.2d 363, 365 (1960).

Iowa Code section 461A.46 provides that "all persons shall vacate *state parks and preserves* before 10:30 p.m" but "[a]reas may be closed at an earlier or later hour, of which notice shall be given by proper signs or instructions." (Emphasis added.)  Section 461A.46 is expressly limited in its application to state parks.  Pursuant to section 350.5, county conservation boards "may make, alter, amend, or repeal regulations for the protection, regulation, and control of all museums, parks, preserves, parkways, playgrounds, recreation centers, and other property under its control," but doing so requires "their adoption by the board . . . after their publication as provided in section 331.305 and after a copy of the regulations has been posted near each gate or principal entrance to the public ground to which they apply."  Only then, "[a]fter publication and posting, a person violating a provision of the regulations which are then in effect is guilty of a simple misdemeanor."  Iowa Code § 350.5.

Because we have no evidence the ordinance Scheffert purportedly violated has been properly adopted by the conservation board, we must assume Officer Peterson made a mistake of law.  The United States Supreme Court has held that a reasonable mistake of law can justify a stop under the Fourth Amendment.  *See Heien v. North Carolina*, 135 S. Ct. 530, 537 (2014).  However, the Iowa Supreme Court has recently reaffirmed that such a mistake cannot justify a stop under article I, section 8 of the Iowa Constitution.  *See Coleman*, 890 N.W.2d at 298 n.2 (noting the Supreme Court's ruling in *Heien* had not affected the ruling under the Iowa Constitution); *see also State v. Tyler*, 830 N.W.2d 288, 294 (Iowa 2013) ("[A] mistake of law is not sufficient to justify a stop.").  Because the officer "was mistaken as to the law, then probable cause

based on that mistake cannot be asserted to justify the stop, and without further justification, the evidence obtained as a result of that stop must be suppressed." *Tyler*, 830 N.W.2d at 294.

We reverse the district court's denial of Scheffert's motion to suppress, and we remand for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**



IOWA APPELLATE COURTS

State of Iowa Courts

**Case Number**       **Case Title**
16-0267               State v. Scheffert

Electronically signed on 2017-07-19 11:32:56