# Trott, as Amr., v. Birmingham Ry. Light & Power Co.

*Action for Damages for Injury to Passenger.*

[DECIDED DEC. 21, 1905, 39 So. REP. 716.]

1. *Executors and Administrators; Actions by; Complaint.*—A complaint, the caption of which states the action to be by M. T. as administratrix of the estate of J. T., deceased, predicating the right of recovery upon a duty owing to "plaintiff" as a passenger, and a breach of that duty, fails to state a cause of action, for the reason that no relation is averred to exist between the intestate and the defendant, and no casual connection shown between his death and the conduct of the defendant for which it can be held liable; and the plaintiff, in her representative capacity, can not recover for injuries suffered by her personally.

2. *Appeal; Defects in Pleading; Appellate Court can not Supply Omission.*—The appellate court has no authority, on appeal, to supply words to make a complaint state a cause of action, when such words would amount to an amendment of the complaint.

3. *Same; When Objection that Complaint does not State Cause of Action can be Interposed.*—If a complaint fails to state a cause of action, it will not support a judgment, and whatever the attitude assumed by the defendant in the court below or in this court, in respect of such a complaint, this court will so declare.

APPEAL from Birmingham City Court.

Heard before Hon. CHAS. A. SENN.

An act by Martha M. Trott, as administratrix of the estate of Joseph Trott, deceased, seeking damages for the death of her intestate, caused by a pistol shot inflicted by a conductor on defendant's railway line. The first count was withdrawn after it had been amended and after testimony was in. The second count was in the following words: "Plaintiff claims of the defendant the further sum of $20,000 as damages, for that heretofore, to-wit, on the 19th day of August, 1902, defendant was the common carrier of passengers for hire and reward by means of a car operated by electricity over and along the railway from Birmingham, to and by Mary Pratt Station to East Lake, in Jefferson county, Alabama; that on said day, defendant carried plaintiff as its passenger from said Birmingham to said Mary Pratt Station on said railroad by means of said car, and while said car was at or near said Mary Pratt Station, and plaintiff was the passenger of defendant, one of defendant's servants or agents in charge or control of said car, to-wit, defendant's conductor thereof, assaulted and shot plaintiff with a pistol, and so wounded him that he died. All to plaintiff's damage $20,000, whereof she sues." Demurrers were overruled to this count, and issue was joined thereon.

There was verdict and judgment for defendant and plaintiff appeals.

BOWMAN, HARSH & BEDOW, for appellant.—The defendant having tried its cause with plaintiff in the lower court as if a particular averment were made would not be

allowed to try the case here on a different theory, hence, the defendant in this case waived the clerical misprision contained in the second count and treated the plaintiff as suing in her representative capacity and not individually. *Bham. Ry. L. & P. Co. v. Brantley,* 37 So. 699; *Wolff v. Supreme Lodge,* 160 Mo. 675; *R. & D. R. R. Co. v. Farmer,* 97 Ala. 141; *N. C. & St. L. v. Hammond,* 104 Ala. 191; 41 S. W. 1093; 2 Cyc. 671, notes 90 and 91; 3 Cyc. 242-3-4; *L. & N. R. R. Co. v. Thornton,* 117 Ala. 284.

TILLMAN, GRUBB, BRADLEY & MORROW, for appellee. Under the pleadings in this case and the proof adduced in support thereof, the defendant was entitled to the affirmative charge, this appearing all errors are without injury.—*Hill v. McBryde,* 125 Ala. 542; *Glass v. Mayor,* 124 Ala. 332.

TYSON, J.—The complaint contains two counts. The first, after amendment, upon conclusion of the testimony, was withdrawn, leaving the second, upon which was a verdict and judgment for defendant. The caption of the complaint shows the action to be by Martha M. Trott, as administratrix of the estate of Joseph Trott, deceased, while the second count predicates the right of recovery upon a duty owing to her as a passenger and a breach of that duty; the allegation being that "defendant carried plaintiff as its passenger from said Birmingham to said Mary Pratt Station on said railway by means of said car, and while said car was at or near said Mary Pratt Station, and plaintiff was the passenger of the defendant, one of defendant's servants or agents in charge or control of said car, to-wit, defendant's conductor thereof, assaulted and shot plaintiff with a pistol, and so wounded him that he died." Manifestly the plaintiff in her representative capacity as the administratrix of Joseph Trott, deceased, cannot recover for any injuries suffered by her personally, and, therefore, no cause of action is stated. And, if she was killed by the shot, she certainly cannot maintain an action. But, if the words "so wounded him that he died" be referred to Joseph Trott, deceased, no duty or breach thereof is alleged as to him. No relation

is averred to exist between him and the company, and no causal connection shown between his death and the conduct of the defendant for which it can be held liable. So, then, as to him, the count is wholly and utterly defective in failing to show a duty and a breach thereof, and therefore states no cause of action in favor of Martha M. Trott as his administratrix.

But it is urged that the count should be read as though the word "intestate" appeared after the word plaintiff wherever it appears in the count. This would be clearly an amendment of it which this count is not authorized to make, and this, too, for the purpose of making it state a cause of action. This insistence proceeds upon two theories. The first is that it appears from the record that the omission of the apostrophe and the letter "s" after the word plaintiff and the word "intestate" is a clerical error, which this court will correct. A clerical error is one made by a clerk in transcribing, or otherwise, and, of course, must be apparent on the face of the record, and capable of being corrected by reference to the record only. Confessedly the record here to be looked to is the count under consideration and the caption thereto. How can it be affirmed that the words which we are urged to insert in the count were omitted by mistake? The mere use of the words "him" and "he," denoting the masculine gender of the plaintiff in connection with the caption, is certainly not sufficient to authorize the correction, when taken in connection with the other positive averments that it was the plaintiff who was a passenger, and that it was the plaintiff who was shot. These several averments are so contradictory and irreconcilable that it is impossible to say that they were the result of a clerical error, and therefore subject to be corrected by this court. No case has been cited to support the contention, and after diligent search we have been unable to find one. To assume that it was the intention of the pleader to insert the necessary words to make a good cause of action would not only be dangerous, but a perversion of the rules of pleading, and might work great injustice to a defendant. It would sanction a laxity in pleading that should not obtain.

The next theory is that, the defendant having been tried upon the complaint and treated it as stating a cause of action, it should not be permitted to insist upon the point here. It is of no consequence what attitude the defendant may have assumed in the court below, or, for that matter, here, with respect to this count, since the court was without jurisdiction to render a judgment upon it. It will not, in other words, support a judgment. *Bryant v. Sou. Ry. Co.*, 137 Ala. 488, 492, 34 South. 562.

Entertaining these views, it is wholly unnecessary to consider the assignments of error; and the judgment must be affirmed.

Affirmed.

HARALSON, SIMPSON, and DENSON, JJ., concur.