KINRO, INC. v. RANDOLPH COUNTY

[108 N.C. App. 334 (1992)]

---

KINRO, INC. v. RANDOLPH COUNTY

No. 9119SC918

(Filed 15 December 1992)

**Taxation § 25.11 (NCI3d)— ad valorem taxes—valuation—initial protest letter—failure to assert valid defense—civil action not allowed**

A taxpayer seeking relief from an allegedly unjust tax assessment pursuant to N.C.G.S. § 105-381(c)(2) must assert a valid defense set forth in N.C.G.S. § 105-381(a)(1) in its initial statement to the governing body of the taxing unit as a prerequisite to the filing of a civil action. Therefore, where plaintiff taxpayer failed to assert a valid defense in its initial letter protesting the valuation of unlisted machinery, equipment and fixtures, it could not proceed against the county in a civil action seeking a refund.

**Am Jur 2d, State and Local Taxation § 1115.**

Appeal by plaintiff from order entered 10 June 1991 in Randolph County Superior Court by Judge Peter M. McHugh. Heard in the Court of Appeals 23 September 1992.

*Stern, Graham & Klepfer, by Brinton D. Wright and William A. Eagles, for plaintiff-appellant.*

*Womble Carlyle Sandridge & Rice, by Dewey W. Wells and Lawrence Pierce Egerton, and Gavin Cox & Pugh, by W. Ed Gavin, for defendant-appellee.*

GREENE, Judge.

Plaintiff Kinro, Inc. (Kinro) filed a complaint seeking refund of allegedly excessive property taxes from defendant Randolph County (the County). From the trial court's grant of summary judgment in favor of the County, Kinro appeals.

Kinro is an Ohio corporation which operates manufacturing facilities in several states, including one located in the County, which produces windows for recreational vehicles. Kinro owned various items of equipment and inventory located at the plant which were subject to ad valorem property taxes payable to the County. In 1977, the County requested that Kinro list its machinery, equipment, and fixtures by year of acquisition and cost. Kinro responded that it did not maintain records which reflected this information on a plant-by-plant basis and would be unable to comply. On 10 October 1980, the County informed Kinro that if it failed to list in the required method the County would assess the property in accordance with the assessor's best judgment. When Kinro failed to list in 1983, the County discovered the property pursuant to N.C.G.S. § 105-312 and tentatively appraised and listed its value at $800,000.00. Kinro received a notice of discovered property as required by Section 105-312, which informed Kinro of the amount of tentative appraisal and that the listing and appraisal would become final unless Kinro filed a written exception within thirty days. Kinro did not file an exception, and later paid the tax without objection. In each of the following four years, from 1984 through 1987, Kinro again failed to list the property at the Liberty plant. In each of these years the County provided a notice of discovered property which included tentative appraisals which ranged from $1,800,000.00 in 1984 to $10,000,000.00 in 1987. Each notice of discovered property was accompanied by a statement informing Kinro that failure to file a written exception within thirty days would result in the appraisal and listing becoming permanent. In each of these years Kinro failed to file an exception and paid the resulting tax bill without objection. On 7 March 1989, Kinro

filed an amended listing of assets with the County for the years 1983 through 1987, accompanied by a written request for a refund. Kinro stated in the refund request that the taxes for these years were overpaid "due to over assessed values of personal property assets at Kinro's Liberty, North Carolina Plant." A cover letter with the refund request stated that Kinro had hired an independent appraisal company to take an inventory of Kinro's assets, and the resulting appraisal formed the basis of the refund request. The new appraisal revealed that Kinro had overpaid taxes on the actual value of its assets in the amount of approximately $91,000.00. On 5 May 1989, the County informed Kinro that no refund would be made. Kinro then filed this action in superior court pursuant to N.C.G.S. § 105-381, seeking refunds for the years 1984 through 1987.[1]

With one exception, the parties do not dispute that all requirements for instituting a civil action against the County for incorrect assessment of taxes against Kinro have been met. The parties do dispute whether Kinro made a timely assertion of a valid defense. Kinro contends that its assertion in its complaint filed in superior court that the tax was illegal, resulted from a clerical error, and was levied for an unlawful purpose, is a timely assertion of a valid defense and allows Kinro to pursue a civil action under N.C.G.S. § 105-381(c)(2). The County contends that the defenses were not timely because they were not included in Kinro's initial request for a refund submitted to the Randolph County Tax Commission.

---

The single issue presented is whether a party seeking relief under N.C.G.S. § 105-381(c)(2) must assert a valid defense, as that term is defined in N.C.G.S. § 105-381(a)(1), in their initial statement to the governing body of the taxing unit as a prerequisite to the later filing of a civil action.

A taxpayer may seek relief from an allegedly unjust tax assessment pursuant to N.C.G.S. § 105-381,[2] which provides

---

1. The tax year 1983, for which Kinro originally requested a refund, fell outside the five-year statute of limitation of N.C.G.S. § 105-381(a)(3), and Kinro therefore did not seek a refund for that year in its complaint. N.C.G.S. § 105-381(a)(3) (1992).

2. A second avenue for relief from what is perceived to be an unjust tax assessment is the administrative remedy provided in N.C.G.S. § 105-322(g)(2). N.C.G.S.

(a) Statement of Defense.—Any taxpayer asserting a valid defense to the enforcement of the collection of a tax assessed upon his property shall proceed as hereinafter provided.

(1) For the purpose of this subsection, a valid defense shall include the following:

a. A tax imposed through clerical error;

b. An illegal tax;

c. A tax levied for an illegal purpose.

. . . .

(3) If a tax has been paid, the taxpayer, at any time within five years after said tax first became due or within six months from the date of payment of such tax, whichever is the later date, may make a demand for a refund of the tax paid by submitting to the governing body of the taxing unit a written statement of his [valid] defense and a request for a refund thereof.

N.C.G.S. § 105-381(a) (1992). If this demand is not resolved in the taxpayer's favor, he or she may then bring a civil action to compel a refund. N.C.G.S. § 105-381(d) (1992). In order to file such an action, "the taxpayer must first have filed a written statement of a valid defense to the tax with the governing body of the taxing unit . . . ." *Johnston v. Gaston County*, 71 N.C. App. 707, 711, 323 S.E.2d 381, 383 (1984), *disc. rev. denied*, 313 N.C. 508, 329 S.E.2d 392 (1985). Mere allegation of a valid defense in the civil complaint without first asserting the defense to the governing body of the taxing unit is not sufficient.

In Kinro's letter to the Randolph County Tax Commission (in this case the governing body of the taxing unit) requesting a refund for the tax years 1983-87, Kinro stated as its only defense that the refund was necessary "due to over assessed values of personal property assets at Kinro's Liberty, North Carolina Plant." Over-assessment is not one of the three valid defenses pursuant

§ 105-322(g)(2) (1992) (request hearing before the County Board of Equalization and Review). The right to administrative review and subsequent appeal is waived in the case of discovered property if the taxpayer does not except to the notice of discovery within thirty days. N.C.G.S. § 105-312(d) (1992). Kinro does not dispute that by failing to file such an exception within thirty days of the notice of discovery, this avenue for relief was foreclosed.

to N.C.G.S. § 105-381(a)(1). N.C.G.S. § 105-381(a)(1) (1992) (valid defenses are clerical error, illegal tax or illegal purpose). Therefore, because Kinro failed to follow the statutory procedures for disputing a property tax in that Kinro failed to assert a valid defense in its initial statement to the governing body of the taxing unit, it could not proceed against the County under N.C.G.S. § 105-381. *Richmond & Danville R.R. Co. v. Town of Reidsville*, 109 N.C. 494, 498-99, 13 S.E. 865, 867 (1891) (taxpayer must strictly comply with the requirements of statutes governing method of preferring claims against county for taxes assessed). Accordingly, the trial court's summary judgment is

Affirmed.

Judges WELLS and ORR concur.