IN THE MATTER OF: THE APPEAL OF JOEL HENRY DAVIS, JR. FROM THE APPRAISAL OF CERTAIN REAL PROPERTY BY THE CRAVEN COUNTY BOARD OF EQUALIZATION AND REVIEW FOR 1991 AND THE CARTERET COUNTY BOARD OF EQUALIZATION AND REVIEW FOR 1991

No. 9310PTC146

(Filed 1 March 1994)

1. **Taxation § 83 (NCI4th) — property qualified for present use valuation — time for determining eligibility**

The plain language of N.C.G.S. § 105-277.3(c) requires that the relevant time for determining the property's eligibility for present use valuation under the first prong of N.C.G.S. § 105-277.3(c) is *after* the property has been transferred to the new owner; therefore, for the purposes of qualifying for present use valuation under the first prong of N.C.G.S. § 105-277.3(c), the property should be viewed in the hands of the grantee and not the grantor. The Property Tax Commission did not err in concluding that the property in question qualified for present use valuation since, viewed in the hands of the taxpayer at the time title passed to taxpayer, he owned the property at issue individually; at the time title passed to taxpayer the property was forestland which was actively engaged in commercial tree production under a sound management program; and appellants conceded that taxpayer owned

other property classified under N.C.G.S. § 105-277.3(a) at the time title to the property passed to him.

**Am Jur 2d, State and Local Taxation §§ 759 et seq.**

**2. Taxation § 83 (NCI4th) — property qualified for present use valuation — four-year ownership requirement inapplicable**

There was no merit to appellant's contention that even if taxpayer met the two-prong requirement of N.C.G.S. § 105-277.3(c), the four-year ownership requirement of N.C.G.S. § 105-277.3(b) still applied to preclude taxpayer's property from qualifying for present use valuation, since the provisions of subsection (c) allow for an additional method for property to qualify under subsection (a) for present use valuation so that the requirements for qualifying under subsection (c) must be an alternative method from subsection (a); therefore, N.C.G.S. § 105-277.3(b) does not apply to N.C.G.S. § 105-277.3(c).

**Am Jur 2d, State and Local Taxation §§ 759 et seq.**

Appeal by Craven County, the Craven County Board of Equalization and Review for 1991, Carteret County, and the Carteret County Board of Equalization and Review for 1991 from a final decision of the North Carolina Property Tax Commission entered 21 October 1992. Heard in the Court of Appeals 3 December 1993.

Taxpayer Joel Henry Davis, Jr. applied in Carteret and Craven Counties for "present use" tax valuation on certain forestland located in each of these counties. Both counties' Board of Equalization and Review for 1991 denied taxpayer's application. Taxpayer appealed the decision of both Boards to the North Carolina Property Tax Commission (the "Commission"), and the appeals were consolidated. On 21 October 1992, the Commission entered a final decision reversing both decisions and finding the forestland eligible for "present use" valuation under N.C. Gen. Stat. § 105-277.3(c). From this decision, the Counties and their Boards of Equalization and Review for 1991 appeal.

*Sumrell, Sugg, Carmichael & Ashton, P.A., by James R. Sugg and Jimmie B. Hicks, Jr., for appellants Craven County and the Craven County Board of Equalization and Review for 1991; and Hamilton, Bailey, Way & Brothers, by John Way, for*

IN RE APPEAL OF DAVIS

[113 N.C. App. 743 (1994)]

*appellants Carteret County and the Carteret County Board of Equalization and Review for 1991.*

*Henderson, Baxter & Alford, P.A., by David S. Henderson, for appellee Joel Henry Davis, Jr.*

ORR, Judge.

In 1990, Taxpayer acquired property from the United States Forest Service (the "USFS") in exchange for other property Taxpayer owned individually. Prior to the exchange, the property Taxpayer conveyed to the USFS had been classified and carried as "individually owned forestland" under N.C. Gen. Stat. §§ 105-277.2, -277.3 for ten or more years. Further, the property Taxpayer received from the USFS was sixty-two acres of land which had been held and used by the USFS for commercial growing of trees under the government's forest management program and was exempt from assessment and taxation by law.

## I.

The sole question before this Court is whether the Property Tax Commission erred in finding the property Taxpayer received from the USFS was eligible for "present use" tax valuation pursuant to N.C. Gen. Stat. § 105-277.3(c). For the reasons stated below, we find no error.

"Property coming within one of the classes defined in G.S. 105-277.3 shall be eligible for taxation on the basis of the value of the property in its present use . . . ." N.C. Gen. Stat. § 105-277.4(a) (1992). N.C. Gen. Stat. § 105-277.3 states:

(a) The following classes of property are hereby designated special classes of property . . . .

. . .

(3) Individually owned forestland consisting of one or more tracts, one of which consists of at least 20 acres that are in actual production and are not included in a farm unit.

Under this statute, "[i]ndividually owned" means owned by a natural person or a corporation as defined under N.C. Gen. Stat. § 105-277.2(4), and " '[f]orestland' means land that is a part of a forest unit that is actively engaged in the commercial growing of trees under a sound management program." N.C. Gen. Stat. § 105-277.2(2), (4).

If the forestland is owned by natural persons, the classification of such forestland for "present use" valuation is further limited by N.C. Gen. Stat. § 105-277.3(b) which states:

> In order to come within a classification described in subdivision (a) . . . (3), above, the property must, if owned by natural persons, also:
>
> (1) Be the owner's place of residence; or
>
> (2) Have been owned by the current owner or a relative of the current owner for the four years preceding January 1 of the year for which the benefit of this section is claimed.

Thus, absent another statutory provision, in order to qualify for "present use" valuation under N.C. Gen. Stat. § 105-277.3(a)(3), property owned by a natural person must be forestland consisting of one or more tracts, one of which consists of at least twenty acres that are in actual production and are not included in a farm unit. Further, the forestland owned by a natural person must either be the owner's residence or have been owned by the current owner, or a relative of the owner, for four years preceding January 1 of the year the benefit is claimed.

In the present case, it is undisputed that the property that Taxpayer received from the USFS falls under the category of "forestland" and that Taxpayer is an "individual" as defined by N.C. Gen. Stat. § 105-277.2(4) in that he is a "natural person". It is also undisputed that the property consists of a sixty-two acre tract of land used for commercial growing of trees under a forest management program. The forestland in question is not, however, Taxpayer's residence, and neither Taxpayer nor a relative of Taxpayer has owned the property for four years. Thus, absent another provision, the requirements of N.C. Gen. Stat. § 105-277.3(b) prevent Taxpayer's property from qualifying for present use valuation under N.C. Gen. Stat. § 105-277.3(a)(3).

N.C. Gen. Stat. § 105-277.3(c) provides an additional way, however, for taxpayers to qualify for present use valuation under N.C. Gen. Stat. § 105-277.3(a). N.C. Gen. Stat. § 105-277.3(c) states:

> *In addition*, property may come within one of the classifications described in subsection (a) above, if (i) it was appraised at its present use value or was eligible for appraisal at its present use value pursuant to that subsection at the time title to the

property passed to the present owner, and (ii) at the time title to the property passed to the present owner he owned other property classified under subsection (a).

(Emphasis added.) Thus, in order to qualify for present use valuation under N.C. Gen. Stat. § 105-277.3(c), Taxpayer must meet a two-part test: at the time title to the property passed to Taxpayer, (1) the property must have been appraised at its present use value or have been eligible for appraisal at its present use value under N.C. Gen. Stat. § 105-277.3(a), and (2) Taxpayer must have owned other property classified under N.C. Gen. Stat. § 105-277.3(a).

In the present case, the appellants concede that Taxpayer has satisfied the second prong of the test by owning other property classified under N.C. Gen. Stat. § 105-277.3(a) at the time title to the property passed to him. Appellants contend, however, that Taxpayer has failed to meet the first prong of the test. It is undisputed that the property in question was not appraised at its present use valuation at the time title passed to Taxpayer. The sole issue before us is, therefore, whether the property was eligible for present use valuation at the time title passed to Taxpayer.

Appellants argue that in order to determine this issue, we must view the property in the hands of the grantor, not the grantee. Based on this argument, appellants contend that the property was not eligible for present use valuation under N.C. Gen. Stat. § 105-277.3(a) at the time title passed to Taxpayer because the United States Forest Service owned the property and this governmental agency does not qualify as an "individual" as defined by N.C. Gen. Stat. § 105-277.2(4) and as required to qualify for present use valuation under N.C. Gen. Stat. § 105-277.3(a). We disagree.

On the issue of statutory construction, our Supreme Court recently stated in *Fowler v. Valencourt*, 435 S.E.2d 530, 532 (1993):

> In construing a statute, the Court must first ascertain the legislative intent to assure that the purpose and intent of the legislation are carried out. . . . To make this determination, we look first to the language of the statute itself. . . . If the language used is clear and unambiguous, the Court does not engage in judicial construction but must apply the statute to give effect to the plain and definite meaning of the language.

(Citations omitted.)

The statutory language at issue in the case *sub judice* is that the property must have been "eligible for appraisal at its present use value pursuant to [G.S. § 105-277.3(a)] *at the time title to the property passed to the present owner* . . . ." (Emphasis added.) The word "passed" is the past tense form of the verb "pass", which The American Heritage Dictionary defines, "[t]o be transferred or conveyed to another by will, deed, or the like . . . ." As the past tense of "pass", the plain and definite meaning of the word "passed" would be transfer*ed* or convey*ed*. In other words, the word "passed" in this context means that the transference or conveyance has already occurred and that for purposes of this portion of the statute, the property should be viewed in the hands of the grantee.

Additionally, by requiring that the property be viewed in the hands of the grantee instead of the grantor, the first prong of N.C. Gen. Stat. § 105-277.3(c) is consistent with the second prong of this statute. The second prong of G.S. § 105-277.3(c) that "at the time title to the property passed to the present owner *he* owned other property classified under subsection (a)" also focuses on the status of the owner of the land who is seeking present use valuation, not the grantor's status. N.C. Gen. Stat. § 105-277.3(c) (emphasis added). Further, by looking at the property in the hands of the grantee instead of the grantor, the first prong of N.C. Gen. Stat. § 105-277.3(c) is consistent with the other provisions and promotes the purpose behind G.S. § 105-277.3.

N.C. Gen. Stat. § 105-277.3 permits "preferential assessment of agricultural, forest and horticultural lands which reduces the property tax burden of the landowner." *W.R. Co. v. North Carolina Property Tax Comm'n*, 48 N.C. App. 245, 257, 269 S.E.2d 636, 643 (1980), *disc. review denied*, 301 N.C. 727, 276 S.E.2d 287 (1981); *In re Appeal of ELE, Inc.*, 97 N.C. App. 253, 255, 388 S.E.2d 241, 243, *disc. review on add'l issues dismissed*, 326 N.C. 482, 392 S.E.2d 92, *aff'd per curiam*, 327 N.C. 468, 396 S.E.2d 325 (1990). In order to reduce the tax burden of the landowner, the provisions of N.C. Gen. Stat. § 105-277.3(a) focus on the status of the property *owner* as an individual.

Under G.S. § 105-277.3(a)(1), (2), and (3), certain *"[i]ndividually owned* agricultural land", *"[i]ndividually owned* horticultural land", and *"[i]ndividually owned* forestland" qualify for present use valuation. (Emphasis added.) Each of these provisions focuses on the

status of the *owner* of the property who is seeking the present use valuation to determine whether the property is eligible for such valuation.

[1] Thus, we conclude that the plain language of N.C. Gen. Stat. § 105-277.3(c) requires that the relevant time for determining the property's eligibility for present use valuation under the first prong of N.C. Gen. Stat. § 105-277.3(c) is *after* the property has been transferred to the new owner. For purposes of qualifying under the first prong of G.S. § 105-277.3(c), therefore, the property should be viewed in the hands of the grantee, and not the grantor.

In the present case, when viewed in the hands of Taxpayer, at the time title passed to Taxpayer, he owned the property at issue individually. Further, at the time title passed to Taxpayer, the property was forestland which was actively engaged in commercial tree production under a sound management program. Thus, since appellants concede that Taxpayer also satisfied the second prong of N.C. Gen. Stat. § 105-277.3(c), we conclude that the property at issue meets all of the requirements of N.C. Gen. Stat. § 105-277.3(c) and that the Property Tax Commission did not err, therefore, in concluding that the property qualified for present use valuation.

## II.

[2] Appellants contend, however, that even if Taxpayer met the two-prong requirement of N.C. Gen. Stat. § 105-277.3(c), the four-year ownership requirement of N.C. Gen. Stat. § 105-277.3(b) still applies to preclude Taxpayer's property from qualifying for present use valuation. We disagree.

Subsection (c) immediately follows subsection (b) and states, "*In addition*, property may come within one of the classifications described in subsection (a) above, if" at the time title to the property passed to the taxpayer, (1) the property was appraised at its present use value or was eligible for appraisal at its present use value under N.C. Gen. Stat. § 105-277.3(a), and (2) the taxpayer owned other property classified under N.C. Gen. Stat. § 105-277.3(a). Thus, subsection (c) essentially requires that the property meet the requirements found in the language of subsection (a) with the additional requirement that taxpayer own other property already classified under subsection (a) to qualify for present use valuation under subsection (a).

Because subsection (c) states that it is an "additional" method for property to qualify under subsection (a) for present use valuation, the requirements for qualifying under subsection (c) must be an alternative method from subsection (a) for qualifying for present use valuation; otherwise, there would be no need for subsection (c), and subsection (c) would be mere surplusage. "The presumption is that no part of a statute is mere surplusage, but each provision adds something which would not otherwise be included in its terms." *Domestic Elec. Service, Inc. v. City of Rocky Mount*, 285 N.C. 135, 143, 203 S.E.2d 838, 843 (1974).

In addition to the requirements found in the specific language of subsection (a), the language of subsection (b) requires that, in order for the property owned by "natural persons" to qualify for present use valuation under subsection (a), the property must also be the residence of the owner or have been owned by the owner or his relative for four years. As already stated, the requirements found in the specific language of subsection (a) also apply to property qualifying under subsection (c). Thus, the only difference between the two sections that could make subsection (c) an alternative to subsection (a) must be the residential or four-year ownership requirement imposed by subsection (b).

Thus, we conclude that N.C. Gen. Stat. § 105-277.3(b) does not apply to N.C. Gen. Stat. § 105-277.3(c). Our reading of the statute is bolstered by the fact that subsection (c) of G.S. 105-277.3(c) was ratified as Senate Bill 49 entitled, "AN ACT TO ELIMINATE THE FOUR-YEAR OWNERSHIP REQUIREMENT FOR USE-VALUE FORESTLAND TRANSFERRED TO THE OWNER OF OTHER USE-VALUE FORESTLAND."

Accordingly we find appellants' argument without merit.

## III.

Finally, appellants contend that the Property Tax Commission's decision to grant Taxpayer present use valuation for his property violates the "goals of uniformity and equality" in taxation. In support of their contention, appellants argue that "allowing the taxpayer present use value of the property, in light of the failure to meet the requirements of G.S. § 105-277.3, would cause violence to the principle of uniformity and equality of taxation." In light of our holding that Taxpayer's property meets the requirements

of G.S. § 105-277.3(c) to qualify for present use valuation, appellants' argument is without merit.

Accordingly, we affirm the order of the Property Tax Commission.

Affirmed.

Judges LEWIS and JOHN concur.