AMMONS v. COUNTY OF WAKE

[127 N.C. App. 426 (1997)]

_____

JUSTUS M. AMMONS AND JO ELLEN AMMONS, PLAINTIFFS v. COUNTY OF WAKE, DEFENDANT

No. COA96-574

(Filed 16 September 1997)

### 1. Taxation § 104 (NCI4th)— meaning of clerical error

The term "clerical error" in N.C.G.S. § 105-381 refers only to a transcription error; furthermore, to qualify as a clerical error, the mistake must ordinarily be apparent on the face of the instrument and must be unintended.

### 2. Taxation § 104 (NCI4th)— tax assessor's inaccurate assertion—no clerical error—no entitlement to refund

A county tax assessor's inaccurate assertion that plaintiffs' property failed to qualify for "present use value" taxation as forestland was not a "clerical error" within the meaning of N.C.G.S. § 105-381, and plaintiffs were thus not entitled by that statute to a refund of the excess property tax paid as a result of the assessor's misrepresentation.

Appeal by plaintiffs from judgment filed 1 March 1996 by Judge David Q. LaBarre in Wake County Superior Court. Heard in the Court of Appeals 30 January 1997.

*James M. Kimzey for plaintiffs-appellants.*

*Wake County Attorney, by Assistant Wake County Attorney Shelley T. Eason, for defendant-appellee.*

JOHN, Judge.

Plaintiffs appeal the trial court's Judgment and Order dismissing their petition pursuant to N.C.G.S. § 105-381 (1995) seeking a property tax refund. Plaintiffs contend the stipulated facts required the trial court to determine plaintiffs paid excess property tax as the result of clerical error. We disagree.

The instant action was instituted 22 August 1995. Following defendant's answer, the parties entered into the following pertinent stipulations 2 February 1996:

7. In December 1985, Ammons Construction Co, Inc., became the owner of three wooded tracts in Wake County, Tax ID ##0044088, 0179642 and 01416600 (hereinafter, "the property".) The property was conveyed to Ammons Land Co, Inc., in April 1989 and then to Justus Ammons and wife Jo Ellen Ammons on 20 June 1991. Both Ammons Construction Co, Inc., and Ammons Land Co, Inc. are North Carolina corporations whose majority shareholder and president is Justus Ammons. All stock is owned by family members of Justus Ammons.

8. During a conference with Mr. Curl in 1993 in which Mr. Ammons discussed the tax status of many tax parcels he owned, Mr. Ammons verbally asked Wake County Assessor Emmett Curl whether the subject property would qualify for "present use value" taxation as forest land under G.S. 105-277.2 to 105-277.7, and specifically under G.S. 105-277.3. Present use value gives a lower tax rate to qualifying agricultural and forest land. Mr. Curl advised him that present use value could not be granted because it would not meet the ownership requirements of 105-277.3(b), thereby discouraging Mr. Ammons from making a written application for present use value treatment which could be appealed to the County Board of Equalization and Review.

. . . .

10. In 1994, even though he received the same verbal advice from Mr. Curl, Mr. Ammons did apply for present use value treatment for the property and the Board of Equalization and Review did, in fact, grant present use value treatment for the property in 1994. 1994 was the only year in which Mr. Ammons filed a written application for present-use value for the property.

. . . .

15. The ad valorem taxes in question are for 1991, 1992 and 1993, on Wake County real estate parcels ## 0044088, 0179642, and 0141600. The amount of the payments which were in excess of those that would have been paid had these parcels been taxed at use value is (1) in 1991, $18,593.238 [sic]; (2) in 1992, $27,135.04; and (3) in 1993, $31,530.15, totaling $77,258.57. Plaintiffs contend that this amount of taxes constitutes taxes "imposed through clerical error" under GS [sic] 105-381.

16. Under statutes interpreted in In Re Appeal of Davis, 113 NC [sic] App. 743, discretionary review denied, 336 N.C. 605 (1994), the property in question would have been entitled to the lower tax classification during 1991, 1992 and 1993 . . . .

. . . .

20. The issue before the court is whether or not these taxes were paid as a result of "clerical error".

21. If the taxes were imposed as a result of clerical error, the plaintiffs are entitled to a refund for taxes paid in excess of those that would have been paid under use value, plus interest in accordance with G.S. 105-381.

Following non-jury trial, the trial court filed its Judgment and Order on 1 March 1996, which included the following conclusion of law:

2. The taxes for which Plaintiffs seek refund were not imposed through [sic] "imposed through clerical error" as that phrase is used in G.S. §105-381(a) and Plaintiffs are not entitled to refund under that statute.

The court consequently dismissed plaintiffs' action, and the latter filed timely notice of appeal.

As stipulated by the parties, see Gilbert v. Thomas, 64 N.C. App. 582, 584, 307 S.E.2d 853, 855 (1983) (citation omitted) (this Court

"must review the case as tried below, as reflected in the record on appeal," and not "as the parties might have tried it"), the dispositive issue herein turns on the meaning of the phrase "clerical error" as utilized in G.S. § 105-381. Accordingly, if the interpretation of Wake County Tax Assessor Emmett Curl (Curl) that plaintiffs' property did not qualify for "present use value" taxation was not a "clerical error" under the statute, the trial court did not err in dismissing the instant action.

Plaintiffs maintain the issue of whether the allegedly inaccurate advice given by Curl constituted clerical error "must be resolved against Wake County in case of any doubt" because

it is part of the law of North Carolina, . . . that in cases of doubt, taxing statutes are construed most strongly against the government and in favor of the taxpayer.

*Davenport v. Ralph N. Peters & Co.*, 386 F.2d 199, 209 (4th Cir. 1967). While plaintiffs accurately cite the applicable law, we conclude their argument is unavailing due to lack of ambiguity in the statutory term.

**[1]** Clerical error has been defined as

[g]enerally, a mistake in writing or copying. . . . It may include error apparent on face of instrument, record, indictment or information.

Black's Law Dictionary 252 (6th ed. 1990). This definition of clerical error as designating mistakes in transcription has been adopted by other jurisdictions. *See generally*, 7A Words and Phrases, Clerical Errors p. 5 (1952 ed.); *see also In the Matter of Appeal of Butler*, 84 N.C. App. 213, 220, 352 S.E.2d 232, 236, *disc. review denied*, 319 N.C. 673, 356 S.E.2d 775 (1987) (clerical error in coding property values from "land pricing map" into computer resulting in undervaluation of taxpayers' property allowed county to reappraise property under G.S. § 105-287). Plaintiffs' assertion notwithstanding, we therefore hold the meaning of clerical error in G.S. § 105-381 is not ambiguous, and applies only to transcription errors.

**[2]** Further, to qualify as a clerical error, the mistake must ordinarily be apparent on the face of the instrument. As the Alabama Supreme Court stated in *Trott v. Birmingham Ry., Light & Power Co.*, 39 So. 716 (Ala. 1905),

[a] clerical error is one made by a clerk in transcribing, or otherwise, and, of course, must be apparent on the face of the record, and capable of being corrected by reference to the record only.

*Id.* at 717. In the case *sub judice*, assuming *arguendo* Curl's statement proffered "[d]uring a conference . . . in 1993" amounted to an erroneous assertion as to the qualification of plaintiffs' property for "present use valuation" taxation, the error is not apparent on the face of the statement, but only by reference to a decision of this Court handed down approximately one year later. *See In re Appeal of Davis*, 113 N.C. App. 743, 749, 440 S.E.2d 307, 311 (filed 1 March 1994), *disc. review denied*, 336 N.C. 605, 448 S.E.2d 118 (1994) (relevant time under N.C.G.S. § 105-277.3(c) for determining property's eligibility for "present use valuation" is after property has been transferred to new owner).

In addition, a clerical error must be unintended. *See Chapman v. Town of Ellington*, 635 A.2d 830, 835 (Conn. App. 1993) (where tax assessor intended result that occurred, the assessment, even in error, was not clerical error, but an error of judgment or law). In the case *sub judice*, it is not disputed that Curl intended that plaintiffs would accept his interpretation that their property did not qualify for "present use value" taxation. Thus, even though his statement may have been in error, it was an error of judgment or law, not a clerical mistake. *See also Redevelopment Comm. v. Guilford County*, 274 N.C. 585, 589, 164 S.E.2d 476 479 (1968) (noting North Carolina statutes and case law recognize a distinction between an erroneous tax and an illegal or invalid tax for purpose of issuing injunction to prevent collection of an illegal tax). Mistake of judgment or law is not an enumerated defense to collection of property taxes under G.S. § 105-381(a)(1). *See Kinro, Inc. v. Randolph County*, 108 N.C. App. 334, 337-38, 423 S.E.2d 513, 515 (1992) (refund claim based upon "over assessed values of personal property assets" not one of three valid defenses to collection of taxes under statute).

In sum, plaintiffs have stipulated that the sole basis upon which they brought suit claiming entitlement to refund of property taxes was clerical error under G.S. § 105-381 in the form of Curl's allegedly inaccurate assertion that plaintiffs' property failed to qualify for "present use value" taxation. As Curl's statement did not constitute "clerical error," the trial court properly dismissed plaintiffs' action.

Affirmed.

Judges McGEE and SMITH concur.