HENRY SMITH *et al.* v. J. S. MCQUISTON, Auditor, Appellant, and HENRY SMITH *et al.* v. JAMES A. BREWER *et al.,* Appellants.

**Assessment:** ERRONEOUS ENTRY; *Remedies.* Where an excessive assessment was entered on the rolls through a clerical error in copying, and without the assessor's knowledge, the tax payer is not precluded from questioning the amount thereof because he

did not go before the board of equalization for relief before beginning mandamus to compel the county auditor to correct the same, or before paying the tax under protest, and beginning an action to recover the taxes paid in excess of the true assessment.

SAME. The power conferred upon the county auditor by Code of 1873, to correct any clerical or other error in the assessment or tax book, includes the power to determine when a mistake has been made, and the word "mistake" covers all cases where the record does not disclose the true facts and the word "error" includes a mistake in copying an assessment into the assessment roll, in consequence of which it is larger than the actual valuation fixed by the assessor. *Polk County v. Sherman,* 99 Iowa, 60 *distinguished and limited.*

Appeal: OBJECTION BELOW. An objection that no claim was ever presented to the board of supervisors, cannot be raised for the first time on appeal, in an action to recover for taxes paid on an assessment which, through a mistake in copying the same, was larger than the valuation actually fixed by the assessor.

SAME. An objection, in an action on an assigned cause of action, that the assignment was not shown, cannot be raised for the first time on apeal

*Appeal from Polk District Court.*—HON. W. A. SPURRIER, Judge.

SATURDAY, MAY 13, 1899.

THESE actions grow out of the same transaction, and the questions involved may very properly be considered together. The first is a proceeding by mandamus to compel the defendant, who is the county auditor of Polk county, to correct an assessment of plaintiffs' property. The other is to recover taxes paid under protest, and which were levied upon the assessment complained of. There was a trial to court, and a judgment for plaintiffs, in each of the actions. Defendants appeal.—*Affirmed.*

*W. G. Harvison* and *Thomas A. Cheshire* for appellants.

*C. A. Bishop* and *D. F. Callender* for appellees.

WATERMAN, J.—The undisputed facts are that the assessor fixed upon plaintiffs' real estate a valuation of three

hundred and ten dollars, but, by some error in copying the same, this assessment now appears upon the roll as three thousand one hundred and fifty dollars. We are also authorized to find from the evidence that at the time the assessment was made the assessor gave to the owner of the land, one Callender, a written statement that the assessed valuation of the property was three hundred and ten dollars. The owner took no steps to have the so-called assessment reduced until he brought the first of these actions. Thereafter, a tax having been levied upon this assessment, plaintiff paid it under protest, and the second action was brought for the recovery of the amount so paid.

II. Is plaintiff precluded from questioning now in any manner the amount of this assessment, and, if not, has he adopted proper proceedings therefor? Appellant thinks both of these propositions are determined against the plaintiff in the case of *Polk County v. Sherman,* 99 Iowa, 60. While some language is used in that case which seems to lend support to the claim, we do not think, when all the facts are considered, that it is controlling as to the case at bar. In that case the district court, on petition of the aggrieved tax payer, ordered the treasurer to correct the assessment roll. Although something is said as to the auditor's right to make such correction, it was not necessary to a disposition of the case. The decision rests upon other unquestioned grounds. Where the assessment is erroneous as being excessive, the only remedy of the property owner is by application to the board of equalization, and by appeal therefrom to the courts. *Nugent v. Bates,* 51 Iowa, 77; *Wilson v. Cass County,* 69 Iowa, 147; *Harris v. Fremont County,* 63 Iowa, 639. But these cases presuppose an assessment of which complaint is made, and this suggests the question whether the entry here of three thousand one hundred and fifty dollars is in fact or in law an assessment. True, it appears upon the assessment roll, but not by the voluntary act of the assessor. An assessment would seem to require a decision or conclusion upon the assessor's part,

as well as an entry of the amount by him. As bearing some-what on this proposition, see *Burnham v. Barber,* 70 Iowa, 87; *Snell v. City of Ft. Dodge,* 45 Iowa, 564. In the case at bar both of these elements were lacking. The assessor neither fixed three thousand one hundred and fifty dollars as the valuation of the plaintiff's property, nor did he enter that amount. These figures got upon the roll through a clerical error in copying. Now, plaintiff does not complain of the amount that the assessor did in fact fix as the valuation of the property, viz. three hundred and ten dollars. The real ground of complaint is not of an assessment, but rather of a valuation which was never assessed. Section 841, Code 1873, provides: "The county auditor may correct any clerical or other error in the assessment or tax books, and when such correction, affecting the amount of tax, is made after the books have passed into the hands of the treasurer, he shall charge the treasurer with all sums added to the several taxes and credit him with all deductions therefrom and report the same to the supervisors." The power here given the auditor, we have held, includes the power to determine when a mistake has been made. *Fuller v. Butler,* 72 Iowa, 729. The word "mistake," as used in this section, does not include, of course, errors of judgment on the part of the assessor, but is meant, perhaps, to cover all cases where the record does not disclose the true facts, and in which the matter of judgment or discretion is not involved. Certainly it includes an error purely clerical, such as we have in the case at bar. When the determination of whether there is a mistake depends upon the facts outside of the record, though it is nevertheless within the power of the auditor to act, yet we think it is wise for him to decline doing so, as he did in this case, until the matter has been passed upon by the court. The entry complained of never having received the sanction of the assessor, it is not in truth and law an assessment, and plaintiffs should not be prejudiced by the fact that they did not go before the board of equalization for relief. As bearing upon

this question, see *Macklot v. City of Davenport,* 17 Iowa, 379; *Smith v. Osburn,* 53 Iowa, 474; *Wangler v. Blackhawk County,* 56 Iowa, 384. We are not inclined to allow any weight to the fact that plaintiff or his assignor was informed in writing by the assessor of the valuation put upon the property. The statute requiring this action on the part of the officer was passed by the Eighteenth General Assembly, this particular provision being section 2 of chapter 109. In *Henkle v. Town of Keota,* 68 Iowa, 334, the intimation was quite strong that this section is unconstitutional. This case is not mentioned by counsel in argument, and, as a determination of the issue presented by the fact mentioned is not necessary to a decision of the present case, we pass the matter without further mention.

III. In the second of the two cases under consideration the trial court gave plaintiff a judgment against Polk county for taxes paid on the valuation in excess of three hundred and ten dollars. It is urged here by appellants that no claim was ever presented to the board of supervisors, and that this was a necessary prerequisite to the right to maintain an action against the county. *Bibbins v. Clark,* 90 Iowa, 230, and cases therein cited, support this claim. Nevertheless we do not think such defense can be sustained in this case, for the reason that the question is first presented in this court; and we may say the same of the objection urged that the assignment to plaintiff of the cause of action is not shown. Issues of this kind, if not raised in a timely and proper manner, will be deemed waived. *Reed v. City of Muscatine,* 104 Iowa, 183, and cases cited. Our conclusion is that in both cases the judgment of the trial court must be AFFIRMED.