FORT MADISON SECURITY COMPANY, Appellant, v. G. E. MAXWELL et al., Appellees.

**TAXATION:** Assessment—Classification of Securities—Unauthorized Classification.   Whether certain securities shall be assessed as moneys and credits *or* as moneyed capital, within the meaning of the Federal statutes, must, in the first instance, be determined by the judgment of the assessor, and lastly by the judgment of the board of review; and the county auditor has no power to change such determination.

Headnote 1:   15 C. J. p. 512; 37 Cyc. pp. 983, 1087.

*Appeal from Lee District Court.*—JOHN E. CRAIG, Judge.

FEBRUARY 8, 1927.

Action in mandamus, to require the board of supervisors to order a refund of taxes.   A demurrer to the petition was sustained.   The plaintiff failed to plead over, and judgment was rendered against it for costs, from which judgment it appeals.—*Reversed.*

*E. C. Weber,* for appellant.

*G. L. Norman,* County Attorney, and *R. N. Johnson* and *C. C. Martin,* Deputy County Attorneys, for appellees.

VERMILION, J.—It was alleged, in substance, in the petition, as amended, that the appellant was a corporation organized under the laws of Iowa, engaged in the loan and investment business, and licensed to make loans under Chapter 419, Code of 1924 (Chapter 35, Acts of the Thirty-ninth General Assembly), and had complied with all the provisions of that chapter; that it was not engaged in the banking business or as a trust company; and that its moneyed capital was not in competition with the moneyed capital of either state or national banks. It was alleged that, for the years 1922 and 1923, the plaintiff gave to the assessor proper information for the listing and assessing of its property, and that the assessor assessed its property as moneys and credits at its full value, and the board of review approved and confirmed such assessment. It was further alleged that, after the assessor's books were returned to the county auditor's office, the auditor, either upon his own initiative or by direction of the board of supervisors, without notice to the plaintiff, changed the assessment and classification of plaintiff for each of such years from an assessment upon moneys and credits, and classified its loans, cash, and stock as personal property, and assessed it as banks are assessed, and thereby the taxes of plaintiff were increased; that neither the board of supervisors nor the county auditor had any right or authority so to do, and such act was illegal and void. It was alleged that plaintiff paid the tax on such assessments under protest, and filed a petition and demand with the board for an order directing the county treasurer to refund the tax so paid in excess of the amount due as the tax on moneys and credits, which the board refused to do. The plaintiff prayed for a peremptory writ of mandamus, requiring the defendants, the members of the board of supervisors, to direct the county treasurer to refund the amount of the tax for each year found to have been erroneously and illegally exacted and paid.

The petition averred that the auditor was without power to change the classification and assessment in the manner alleged, under the pleaded facts. The sustaining of the demurrer was an adjudication that he had such power.

By Section 1385-b, Code Supplement of 1913, it was provided:

"The auditor may correct any error in the assessment or tax list, and may assess and list for taxation any omitted property." (Section 7149, Code of 1924.)

The section further provided that, before assessing and listing any omitted property, he should notify the person or corporation in whose name the property was taxed, to appear and show cause why such correction or assessment should not be made. (Section 7150, Code of 1924.)

Section 1310, Code Supplement of 1913, provided, in part:

"All moneyed capital within the meaning of Section 5219 of the Revised Statutes of the United States shall be listed and assessed against the owner thereof at his place of business, and if a corporation at its principal place of business, at the same rate as state, savings, national bank and loan and trust company stock is taxed, in the same taxing district, and at the actual value of the moneyed capital so invested. The person or corporation using moneyed capital in competition with bank capital shall furnish the assessor upon demand a full and complete itemized sworn statement showing the amount of moneyed capital so used." (Sections 7005 and 7006, Code of 1924.)

Section 1323, Code of 1897, provided, in part, as follows:

"The shares of stock of any corporation organized under the laws of this state, except those which are not organized for pecuniary profit, and except corporations otherwise provided for in this act, shall be assessed to the owners thereof, at the place where its principal business is transacted, the assessment to be on the value of such shares on the first day of January in each year; but in arriving at the total value of the shares of stock of such corporations, the amount of their capital actually invested in real estate owned by them, either in this state or elsewhere, shall be deducted from the real value of such shares, and such real estate shall be assessed as other real estate, and the property of such corporation, except real estate situated within the state, shall not be otherwise assessed." See Section 7008, Code of 1924.

Under these provisions of the statutes, in force at the time of the assessments in question, it was clearly the duty and function of the assessor, in the first instance, and of the board of

review, to determine whether given money and securities be-
longing to a corporation other than a bank or trust company
were to be listed and assessed as moneyed capital, under the
provisions of Section 1310, or were to be considered in deter-
mining the value of the shares of stock to be assessed to the
shareholders, as provided by Section 1323. The difference be-
tween the two methods of assessment was not merely in the
application of different rates of taxation to the taxable value, or
in the relation of taxable value to actual or assessed value. In
the case of moneyed capital, it was required that it be listed and
assessed as such against the owner. Listed and assessed by
whom? The assessor is charged with the duty of listing and
assessing taxable property. In the case of corporations coming
under the provisions of Section 1323, the value of the shares of
stock was to be determined by the assessor; and if he was not
satisfied with the valuation furnished by the corporation, he
might make the valuation upon other information, and was re-
quired to assess the stock to the owners at the valuation made by
him. Section 1324, Code of 1897.

Even where, as would appear to be the case in the assess-
ments in question, and as is now required by Section 7008, Code
of 1924, the value of moneys and credits belonging to such a
corporation is assessed to the corporation, the question of
whether given property is to be assessed as moneys and credits
or moneyed capital is to be determined by the assessor, subject
to review and correction by the board of review. In *Griswold L.
& C. Co. v. County of Calhoun*, 198 Iowa 1240, where it was
claimed that the property of a corporation engaged in the loan
and investment business had been erroneously classified by the
assessor and listed for taxation on the basis of banks and loan
and trust companies, and not on the basis of moneys and credits,
we said:

"All that remained was for the proper officers to apply the
rate of taxation to the assessment on the basis shown by the
return of the assessor. * * * The irregularity in the classifica-
tion and assessment of the property was peculiarly within the
jurisdiction of the board of review, and complaint should have
been made to that body."

The determination by the assessor of the question whether
given property is to be assessed as moneys and credits or mon-

eyed capital involves the exercise of judgment and discretion. It is not a mere ministerial act, such as he is called upon to perform in determining the value of bank stock, under Section 1322, Code Supplement of 1913 (Section 7003, Code of 1924), providing that he shall fix the value of the stock from the statement furnished him by the bank. *First Nat. Bank v. Hayes,* 186 Iowa 892; *Avoca St. Bank v. Burke,* 193 Iowa 1055; *First Nat. Bank v. Anderson,* 196 Iowa 587. In these cases we held that, where the statement furnished to the assessor by the bank showed deductions from its assets to which it was not entitled, and the assessor and the board of review allowed such improper deductions in computing from the statement the taxable value of the shares of stock, the auditor was authorized to correct the assessment by eliminating the deductions. The situation here is quite different from that involved in these cases. If we should assume that the "proper information" alleged to have been furnished to the assessor was such, in all respects, as was required by Section 1323, no information was thereby given from which could be determined the nature of the appellant's business, or whether its property should be classified and assessed as moneyed capital. This must be determined by the assessor and the board of review, from information aside from the statement so furnished.

We have said that the errors which the auditor is by statute authorized to correct in the assessment or tax list do not include errors of judgment on his part or cases in which the exercise of judgment or discretion is involved. *Smith v. McQuiston,* 108 Iowa 363; *First Nat. Bank v. Hayes,* 186 Iowa 892.

We think it clear that the auditor did not have power, under Section 1385-b, to change the classification and assessment of appellant's property from moneys and credits to moneyed capital. This being true, the demurrer was improperly sustained, and it is unnecessary to determine other questions presented by the appeal.

The judgment is—*Reversed.*

EVANS, C. J., and STEVENS and FAVILLE, JJ., concur.