The AMERICAN LEGION, HANFORD POST 5, Appellee,

v.

CEDAR RAPIDS BOARD OF REVIEW, Forrest Holveck, Its Chairperson, and Kay Baty, Jeri Duenow, Leo Peiffer and Roger Stigers, Its Individual Members, Appellants.

No. 01–0181.

Supreme Court of Iowa.

June 12, 2002.

Rehearing Denied July 10, 2002.

William J. Wright, Cedar Rapids, for appellants.

James W. Affeldt and Robert M. Hogg of Elderkin & Pirnie, P.L.C., Cedar Rapids, for appellee.

TERNUS, Justice.

The case before us requires the court to interpret and apply the procedure for protest of a property tax assessment set forth in Iowa Code section 441.37(2) (1999). This statute permits the filing of a protest beyond the normal period provided by Iowa Code section 441.37(1) if the assessor has made "a clerical or mathematical error." The district court held that the Cedar Rapids city assessor's intentional decision not to apply a previously granted exemption when he calculated the 1999 property taxes on land owned by the appellee, The American Legion, Hanford Post 5, was a clerical error. Accordingly, the court concluded the protest was timely under section 441.37(2), and went on to rule on the merits of the Legion's protest, holding that the challenged assessment should be corrected.

The Cedar Rapids Board of Review appeals, claiming the district court erred in ruling that the Legion's protest was not time barred. Because we disagree with the district court's characterization of the mistake made by the assessor, we agree with the Board that the Legion's protest could not be brought under section 441.37(2) and was untimely under section 441.37(1). Therefore, we reverse.

I. *Statutory Provisions.*

Before we review the facts of this case, it is helpful to have in mind the pertinent statutory provisions. Iowa Code chapter 427 deals with exempt and taxable property. It provides that "[t]he property of any organization composed wholly of veterans of any war, when such property is devoted entirely to its own use and not held for pecuniary profit," shall not be taxed. Iowa Code § 427.1(5). If some portion of the property "is used regularly for commercial purposes," the exemption from taxation is reduced proportionately. *Id.* § 427.1(14).

Once an exemption has been granted, it "shall be allowed on the property for successive years *without further filing* as long as the property is used for the purposes specified in the original claim for exemption." *Id.* (emphasis added). Provision is made, however, for revocation of an exemption by application to the director of revenue and finance upon proof of a violation of chapter 427. *Id.* § 427.1(16).

While chapter 427 concerns the taxability of property, chapter 441 provides procedures for the assessment and valuation of property. Pertinently, section 441.37 establishes an avenue for a taxpayer to protest an assessment. It states:

1. Any property owner or aggrieved taxpayer who is dissatisfied with the owner's or taxpayer's assessment may file a protest against such assessment with the board of review on or after

April 16 to and including May 5, *of the year of the assessment.* . . . Said protest must be confined to one or more of the following grounds:

. . . .

*c.* That the property is not assessable, *is exempt from taxes,* or is misclassified and stating the reasons for the protest.

. . . .

2. A property owner or aggrieved taxpayer who finds that a *clerical or mathematical error* has been made in the assessment of the owner's or taxpayer's property may file a protest against the assessment in the same manner as provided in this section, *except that the protest may be filed for previous years. The board may correct clerical or mathematical errors for any assessment year in which the taxes have not been fully paid or otherwise legally discharged.*

*Id.* § 441.37 (emphasis added). Thus, a protest must be filed between April 16 and May 5 of the year of assessment, unless a clerical or mathematical error has been made in the assessment. Where such an error has been made, any assessment not fully paid or legally discharged may be corrected.

With this statutory framework in mind, we now briefly review the undisputed facts and the proceedings leading to this appeal.

II. *Background Facts and Proceedings.*

The Legion owns property in the City of Cedar Rapids and, in 1993, began construction of a new building on this property. In 1994, it applied for an exemption from property taxes. The assessor concluded that a lounge area in the new building would not qualify for the exemption because the Legion planned to make this area available for public use. Although the building was not completed, the asses-

sor determined that the lounge would occupy twelve percent of the building and so granted an eighty-eight percent exemption on the 1994 assessment.

The building was finished in 1995, and the assessor undertook a valuation of the completed structure at that time. Pursuant to the assessor's normal practice, the 1995 assessment was based on one hundred percent of the value without regard to the previously granted exemption. The property continued to be assessed at full value without any exemption through the 1999 assessment even though the Legion continued to use the property for the same purpose set forth in its original application for an exemption.

The assessor's error went undetected by the Legion until early in 2000. By that time, it was too late to protest any of the assessments under section 441.37(1) because the time allowed for protest under that statute had expired. The 1999 assessment, however, had not been paid, so an appeal under section 441.37(2) was still possible. Therefore, in April 2000, the Legion filed a petition with the Cedar Rapids Board of Review seeking correction of the 1999 assessment pursuant to section 441.37(2), alleging a clerical error had been made. The Legion asked that the 1994 exemption be reinstated for the 1999 assessment. The Board rejected the Legion's request because it "found no evidence of a mathematical or clerical error as required to change a prior year value."

The Legion then filed an appeal in the district court. *See* Iowa Code § 441.38 (allowing appeal from action of board of review on protest of assessment). Both parties filed cross-motions for summary judgment. Neither party claimed a factual dispute existed. Rather, the fighting issue was whether the decision of the assessor to tax the property at its full value following

completion of construction was a "clerical error" so as to permit correction after the normal time for appeal under section 441.37(1) had expired. The district court ruled that the assessor had no discretion to eliminate the exemption once it had been granted because section 427.1(14) provides that an exemption will automatically continue so long as the property is used for the purposes specified in the original application for exemption. Because the Legion's property was continuously used for the purpose specified in its 1994 application, the district court concluded that the assessor's failure to allow the exemption in 1999 was a clerical error. Accordingly, the court granted the Legion's motion for summary judgment and denied the Board's motion for summary judgment.

The Board appeals. The Board requests not only that we reverse the judgment in favor of the Legion, but that we also remand for entry of judgment in favor of the Board on its motion for summary judgment.

## III. *Scope of Review.*

■ Although our review of a tax exemption appeal is de novo, *see Carroll Area Child Care Ctr., Inc. v. Carroll County Bd. of Review,* 613 N.W.2d 252, 253 (Iowa 2000), our review in this case is for errors of law because the issue on appeal was adjudicated in a ruling on cross-motions for summary judgment, *see Transform, Ltd. v. Assessor of Polk County,* 543 N.W.2d 614, 615 (Iowa 1996). A party seeking summary judgment must establish that there is no genuine dispute with respect to any material fact and that, as a consequence, it is entitled to judgment as a matter of law. *Continental Ins. Co. v. Bones,* 596 N.W.2d 552, 555 (Iowa 1999); Iowa R. Civ. P. 1.981(3).

■ As we have already noted, the facts in this case are not in dispute. Rather, the resolution of this matter depends on the meaning of the statutory term "clerical error." Therefore, we focus our review of the district court's decision on whether the court correctly interpreted the law. *Lee v. Grinnell Mut. Reinsurance Co.,* 646 N.W.2d 403, 406 (Iowa 2002).

## IV. *Discussion.*

■ There is no dispute that the property assessed here is owned by an association of war veterans and was devoted, at least partially, to the uses of the association. It is also not disputed that the Legion was granted an exemption in 1994 and continued to use the property for the purpose specified in the exemption application at least through 1999, the year at issue here. Finally, there is no claim that the city sought or was granted a revocation of the exemption pursuant to section 427.1(16).

Notwithstanding the Legion's continuing entitlement to the exemption, the record shows the assessor failed to allow the exemption in 1995 and the ensuing years based on the customary practice of the assessor's office to tax newly completed construction at its full value. This practice resulted from the assessor's belief that a property owner was required to file another application for an exemption after completion of any new building.

We disagree with the district court's conclusion that the assessor's routine procedure was a clerical error that could be corrected at any time before payment of the protested assessment. We think the court erred in its interpretation of section 441.37(2) by equating a mistake of law by the assessor with a clerical error within the scope of that statute.

■ "The primary goal in interpreting a statute is to ascertain the enacting

body's intent." *Top of Iowa Coop. v. Sime Farms, Inc.*, 608 N.W.2d 454, 460 (Iowa 2000). We begin the process of determining the legislature's intent by examining the language of the statute. *Id.* "If the statutory language is plain and the meaning clear, we do not search for legislative intent beyond the express terms of the statute." *Horsman v. Wahl*, 551 N.W.2d 619, 620–21 (Iowa 1996). "[W]e give the words their plain and ordinary meaning when not specifically defined by the legislature or when there is no particular legal definition of the term." *Iowa Comprehensive Petroleum Underground Storage Tank Fund Bd. v. Mobil Oil Corp.*, 606 N.W.2d 359, 363 (Iowa 2000). The court may refer to prior decisions, similar statutes, dictionary definitions, and common usage in interpreting words in a statute. *State v. Kellogg*, 542 N.W.2d 514, 516 (Iowa 1996).

*Black's Law Dictionary* defines a "clerical error" as "[g]enerally, a mistake in writing or copying." *Black's Law Dictionary* 252 (6th ed.1990). In addition, numerous cases from other jurisdictions hold that an error is not "clerical" if the assessment shown was the one intended by the assessor. *E.g., Los Angeles Shipbuilding & Dry Dock Corp. v. Los Angeles County*, 22 Cal.App.2d 418, 71 P.2d 282, 284 (Cal. Dist.Ct.App.1937); *Nat'l CSS, Inc. v. City of Stamford*, 195 Conn. 587, 489 A.2d 1034, 1040 (Conn.1985); *Chapman v. Town of Ellington*, 33 Conn.App. 270, 635 A.2d 830, 835 (Conn.App.Ct.1993); *Int'l Place Apartments—IV v. Ypsilanti Township*, 216 Mich.App. 104, 548 N.W.2d 668, 670 (Mich. Ct.App.1996); *Ammons v. County of Wake*, 127 N.C.App. 426, 490 S.E.2d 569, 571 (N.C.Ct.App.1997). *See generally* 85 C.J.S. *Taxation* § 690, at 715–16 (2001).

For example, in the *Chapman* case, the assessor of an apartment complex valued each building on the basis that it had a basement. 635 A.2d at 832. The assessor testified "that he had personally inspected each of the buildings, that he knew all of the buildings did not have basements, and that he included a basement value for each of the buildings 'on purpose.'" *Id.* The Connecticut court held that the assessor had not made a "clerical omission or mistake in the assessment of taxes" within the meaning of a statute allowing such errors to be corrected at any time. *Id.* at 831 n. 2, 835. The court stated:

> "Clerical errors are of a character different from errors of substance, of judgment, or of law. Where an error is of a deliberate nature such that the party making it at the time actually intended the result that occurred, it cannot be said to be clerical."

*Id.* at 835 (citations omitted).

The Michigan Court of Appeals employed a similar analysis in its *International Place Apartments* decision. In that case, the court considered the applicability of a statute permitting correction of a "clerical error" in an assessment in the year in which the error was made or in the following year. *Int'l Place Apts.*, 548 N.W.2d at 670. The record showed that the assessor did not consider all available information in determining the appropriate assessment because a building permit had been misfiled. *Id.* at 669–70. Giving the term "clerical error" its ordinary meaning, the court held that the statute "refers to errors of a typographical, transpositional, or mathematical nature." *Id.* at 670. The challenged assessment was not, in the court's opinion, a clerical error:

> The mistake in the case at bar was not limited to merely recording a number incorrectly on the assessment rolls or performing a mathematical error in arriving at the final assessment figure. Rather, the figure recorded on the assessment rolls was accurate in the sense

that it was the number intended by the assessor, albeit that the assessor may well have erred in the determination of what that number should be by failing to consider all relevant facts.

*Id.*

■ We recognize there is contrary authority holding that "errors committed by taxing boards or officers acting without authority of law or in excess thereof ... are subject to correction as clerical errors." *See* 85 C.J.S. *Taxation* § 690, at 715 (citing cases). To adopt such an expansive interpretation of the statutory term "clerical error" would, however, effectively nullify section 441.37(1), as virtually all protests could be brought under section 441.37(2). We will not interpret a statute so as to render a part of it superfluous. *Miller v. Westfield Ins. Co.*, 606 N.W.2d 301, 305 (Iowa 2000).

In addition, an expansive reading of the word "clerical" would also be inconsistent with our interpretation of similar language found in other Iowa statutes and rules. In *Smith v. McQuiston,* 108 Iowa 363, 79 N.W. 130 (1899), this court interpreted a statute that allowed a county auditor to " 'correct any clerical or other error in the assessment or tax books.' " *Smith,* 108 Iowa at 366, 79 N.W. at 131 (quoting Iowa Code § 841 (1873)). In that case, the assessor fixed a real estate valuation at $310, but by an error in copying, the assessment appeared on the assessment roll as $3150. *Id.* Our court held that the error in the entry of the assessment was a "clerical error," stating:

> The power here given the auditor, we have held, includes the power to determine when a mistake has been made. The word "mistake," as used in this section, does not include, of course, errors of judgment on the part of the assessor, but is meant, perhaps, to cover all cases where the record does not disclose the true facts, and in which the matter of judgment or discretion is not involved.

*Id.*

A similar meaning has been accorded the term "clerical mistake" found in Iowa Rule of Criminal Procedure 2.23(3)(*g* ). That rule permits the court to correct "[c]lerical mistakes in judgments, orders or other parts of the record" at any time. Iowa R.Crim. P. 2.23(3)(*g* ) (formerly rule 22(3)(g)). In *State v. Hess,* 533 N.W.2d 525 (Iowa 1995), we interpreted this rule and stated, "An error is clerical in nature if it is *not* the product of judicial reasoning and determination." 533 N.W.2d at 527 (emphasis added).

■ Based on the common meaning of the statutory language, our prior cases, and authority from other jurisdictions, we hold a clerical error is one of writing or copying. Such an error results in the recording of an assessment figure that was not intended by the assessor. In contrast, an assessment entered in an amount intended by the assessor is not the result of a clerical error even though an error of judgment or law affected the assessor's determination of the proper assessment. That is because an error in judgment or a mistake of law is an error of substance; it is not a *clerical* error.

The Legion argues that the error at issue in the present case did not involve the assessor's judgment or discretion, but we disagree. The assessor testified that he thought a property owner had to file another application for an exemption after construction of any building on the property was completed. Accordingly, it was standard practice in the assessor's office to assess new construction at full value regardless of any previously granted exemption. This practice was clearly the result

of the assessor's judgment, however misguided that judgment might have been.

■ The Legion also argues because it is clearly entitled to an exemption on its 1999 taxes, the purpose of the legislature in giving property tax exemptions to veterans organizations would be defeated if it is not allowed to pursue this protest and receive the exemption to which it is entitled. The answer to this argument is, quite simply, that the requirements of section 441.37, both procedural and substantive, apply to protests with merit as well as those without.

### V. *Summary and Disposition.*

In summary, we hold that the assessment challenged in the present case was not the result of a clerical error, but rather reflects the actual assessment intended by the assessor. Therefore, the Legion may not use the procedures set forth in section 441.37(2) to correct the 1999 assessment. In addition, any protest under section 441.37(1) is untimely. Accordingly, the district court erred in granting summary judgment to the Legion. It also erred in failing to grant summary judgment to the Board because the undisputed facts show that the Legion's protest is time barred.

We reverse the judgment of the district court and remand this case for entry of judgment in favor of the Board.

**REVERSED AND REMANDED.**